THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* WALTER READE, Otherwise Known as WALTER ROSENBERG, Respondent, Impleaded with STOCKTON LEIGH and Others, Defendants.

First Department, May 1, 1936.

*Felix C. Benvenga, Assistant District Attorney,* of counsel [*William Copeland Dodge, District Attorney*], for the appellant.

*Harold R. Medina* of counsel [*Frank R. Galgano, Otho S. Bowling* and *William F. McNulty* with him on the brief; *Frank R. Galgano,* attorney], for the respondent.

McAvoy, J. The indictment alleges that, on May 13, 1935, the defendant, with others, feloniously and willfully did injure and damage to the amount of $25,000, by breaking and smashing the

same, a quantity of fixtures and furnishings situated in the Astor Theatre, which fixtures and furnishings were the goods, chattels and personal property of William B. F. Drew and John J. Dietz, as receivers of rents, issues and profits appointed in an action pending in the Supreme Court.

After the filing of the indictment, a motion to inspect the minutes of the grand jury was granted. In the opinion of the judge of General Sessions there was no legal evidence before the grand jury (1) to establish the ownership of the property and (2) to make out a *prima facie* case against the defendant.

The indictment is drawn under Penal Law, section 1433, which, so far as pertinent, provides:

" A person who unlawfully and wilfully destroys or injures any real or personal property of another * * * in a case where the punishment is not specially prescribed by statute, is punishable as follows:

" 1. If the value of the property destroyed, or the diminution in the value of the property by the injury is more than two hundred and fifty dollars, by imprisonment for not more than four years;

" 2. In any other case, by imprisonment for not more than six months, or by a fine of not more than two hundred and fifty dollars, or by both such fine and imprisonment."

It was necessary for the People to establish that the defendant destroyed or injured real or personal property; and that the property so injured or destroyed was that of another; and that he did so unlawfully and willfully.

On May 1, 1935, William B. F. Drew and John J. Dietz were appointed receivers of the rents, issues and profits then due and which might thereafter accrue, from the Astor Theatre and other premises, during the pendency in the Supreme Court, New York county, of an action brought by the City Investing Company, plaintiff, against the Astor-Bijou-Morosco Theatres Realty Corporation, Walter Reade (defendant here), and others, defendants, to foreclose a mortgage on the said premises. The order appointing the receivers provides, among other things, as follows:

" That all the tenants in possession of said premises and such other person or persons as may be in possession thereof do, and they are hereby directed to attorn, as such tenant or tenants to said receiver, and until the further order of this Court, to pay over to such receiver, all rent of such premises now due and unpaid, or that may hereafter become due. * * *

" That pursuant to Rule 175 of the Rules of Civil Practice that the said receiver be, and he hereby is authorized to institute and carry on all legal proceedings necessary for the protection

of all premises described in the complaint or referred to in this order, including such proceedings as may be necessary to recover possession of the whole or any part of the said premises.  \*  \*  \*

" That during the pendency of this action, the defendants, their agents and attorneys be enjoined and restrained from collecting the rents of said premises, and from interfering in any manner with the property or its possession."

We think that the possession awarded the receivers by the order of appointment constitutes in them a special property in the realty and fixtures, which possession and special property is that " of another " capable of being injured and destroyed by willful and malicious acts as described. Defendant's participation as aider, abettor or counselor of the acts constituting the crime charged is sufficiently shown by his admissions and other proof of circumstances tending to connect him therewith.

We think the proof warranted the indictment and that it should not have been dismissed.

The order granting the motion of said defendant to dismiss the indictment as to him should be reversed, the motion denied and the indictment reinstated. The order denying motion for reargument should be affirmed.

MARTIN, P. J., O'MALLEY, UNTERMYER and DORE, JJ., concur.

Order granting motion of defendant-respondent to dismiss indictment as to him unanimously reversed, the motion denied and the indictment reinstated. Order denying motion for a reargument affirmed. Settle order on notice.