## MAYS *v.* STATE.

### (*Knoxville*, September Term, 1944.)

Opinion filed March 3, 1945.

CHAS. H. DAVIS and HOBART F. ATKINS, both of Knoxville, for defendant, appellant.

NAT TIPTON, Assistant Attorney General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The defendant was found guilty of embezzling funds belonging in part to Knox County and in part to the State of Tennessee from the office of a court clerk. He was given a maximum sentence of three years and has appealed in error to this Court.

The first assignment of error challenges the action of the trial judge in overruling a motion to quash the indictment.

The indictment was drawn under Section 11642 of the Code of 1932. Prior to the enactment of the Code, as our

cases will show, there had been some confusion as to the form of indictments of this nature, as to their sufficiency, and as to whether they charged embezzlement or fraudulent breach of trust. To put these matters at rest, as well as others, Section 11642 was placed in the Code and is in the following words:

"Any indictment charging a felonious taking and/or appropriation of the personal property of another, of any value, with intent to convert the same to the use of the defendant and to deprive the true owner thereof, shall be deemed a good and sufficient indictment for embezzlement and/or fraudulent breach of trust."

It is insisted that this section is not applicable to an indictment which charges the embezzlement of funds belonging to a county, municipality, or the State because it is said the word "another" in Section 11642 is applicable only to a natural person and not to a governmental agency. Authorities are cited by the defendant which do hold that in particular statutes there considered this word does not include the United States Government nor a city. Two of these cases most nearly in point are these:

*Elliott v. City of Brownwood*, 106 Tex. 292, 166 S. W. 1129. In that case suit was brought against the City of Austin under a Texas statute giving an action for the death of any person caused by the wrongful act, negligence, etc., of "another," and it was there held that the word "another" did not include a municipal corporation. The Supreme Court of Texas announced this as settled law in that jurisdiction without any discussion, referring to opinions of the Texas Courts of Civil Appeals in which the Supreme Court had denied writs of error. An examination of the leading case in the Court of Civil Appeals (*Ritz v. City of Austin*, 1 Tex. Civ. App. 455, 20 S. W. 1029), which the others followed, showed that the Court

held "another" did not include any corporation because it was said not to be the intent of the statute to make a defendant in such a case liable for the act of an agent but only for his own act. This is not the rule in Tennessee and it seems that the Supreme Court of Texas did hold the death statute applicable to private corporations. *Fleming* v. *Texas Loan Agency,* 87 Tex. 238, 27 S. W. 126, 26 L. R. A. 250.

*American Civil Liberties Union* v. *Kiely,* 2 Cir., 40 F. (2d) 451. In this case the right of the Postmaster General to exclude from the mails matter upon the envelope or cover of which was said to appear scurrilous language ·with respect to the State of California. The Federal Statute, 18 U. S. C. A., sec. 335, provided for the exclusion from mails of matter inscribed with language of defamatory or threatening character or calculated to reflect injuriously upon the conduct of "another." The Court held that the mail matter in question was not subject to exclusion under this statute because a State was not subject to defamation of this character and because a State could not maintain an action for slander or libel.

There are other authorities, however, where the word "another" used in a statute is held to include a State or other governmental agency.

*Moore* v. *Commonwealth,* 92 Ky. 630, 18 S. W. 833, dealt with a statute providing punishment for any person who should forge or counterfeit any writing to obtain possession or to deprive "another" of any money or property, etc. The defendant had forged a witness certificate payable by the State of Kentucky. It was held that the State was within the protection of this statute and the defendant was found guilty.

*Carrell* v. *State,* 79 Tex. Cr. R. 198, 184 S. W. 217, construed a forgery statute denouncing the making of a

false instrument in writing purporting to be the act of "another." Under this statute a county superintendent of schools drew a check on a bank holding school funds and forged the name of the payee. It was held that "another" included the government or a body corporate or person or firm other than the writer.

*People* v. *Reade*, 247 App. Div. 376, 287 N. Y. S. 473, considered a statute with reference to the unlawful and willful destruction of the property of "another." It was held that this statute covered property in the possession of receivers—that is in possession of the court.

█ Other illustrations of the use of this word are collected in the volume cited by defendant, 3 Words and Phrases (Perm Ed.), "Another," p. 501 et seq., and from an examination of these cases we think that the character of the statute in which the word is used controls the interpretation to be given the word "another"—whether it includes a governmental agency. The embezzlement statutes were enacted for the protection of property. The lawmakers were quite as much concerned with the protection of the property of the State, the county, and the municipality as they were concerned with the protection of the property of individuals or private corporations. No valid reason can be suggested why an indictment for embezzlement from a governmental agency should be excluded from the purview of Section 11642 or why the word "another" as used in this statute should not be held to include governmental agencies.

██ The foregoing out of the way, we find nothing substantial in the criticism of the indictment before us. It clearly charges the felonious appropriation of the personal property of the State of Tennessee and of Knox County, of a stated value, and with the intent to convert the same to the use of the defendant and to deprive the

true owner thereof. Under Section 11642 such an indictment is good and sufficient as a charge of embezzlement. The indictment also follows Section 10957 of the Code defining embezzlement of public funds in that it avers that the misappropriation was made by defendant while "charged with the collection, safe-keeping, transfer, and disbursement of money . . . belonging" to the State of Tennessee and to Knox County, Tennessee. Section 10957 is quite definite in its terms and an indictment following the language of such a statute is good. *Scopes* v. *State*, 154 Tenn. 105, 111, 289 S. W. 363, 53 A. L. R. 821, and cases cited.

It is said Mays was only a bookkeeper in the clerk's office and it is argued for the defendant that there is no charge that he was a public officer of the State of Tennessee or of Knox County. Such a specification is not necessary under Section 10957. That statute applies to "any person charged with the collection, safe-keeping, transfer, or disbursement of money or property belonging to the state" or county.

It was not necessary that the indictment specify nor necessary to prove whether the particular money embezzled belonged to the State or to the county. *Watson* v. *State*, 158 Tenn. 212, 12 S. W. (2d) 375. And title to the property was permissibly laid in the State or county even though the money was held by the State or county as bailee and belonged to private persons. *Lambeth* v. *State*, 3 Shan. Cas. 754. It may be observed here that the money alleged to have been embezzled came from a single bank account in which State funds, county funds, and the funds of individuals held as bailee by the State or county were commingled.

Numerous other errors are assigned by the defendant. They challenge the sufficiency of the evidence to

support the verdict and judgment and assert error in many details of the procedure in the criminal court. None of the questions thus raised are novel or of any general interest. We have dealt with them all in a memorandum opinion filed, not for publication.

We find no preponderance of evidence against the verdict and judgment and no reversible error in the course of the trial below. The judgment of the criminal court is affirmed.