UNITED STATES, Appellee

v

HERMAN R. GRANBERRY, Private, U. S. Army, Appellant

14 USCMA 512, 34 CMR 292

No. 17,348

April 24, 1964

*Captain John G. Milano* argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph L. Chalk* and *Captain Daniel H. Benson.*

*Lieutenant Colonel Francis M. Cooper* argued the cause for Appellee, United States. With him on the brief was *First Lieutenant Mervyn Hamburg.*

### Opinion of the Court

KILDAY, Judge:

Appellant was tried by general court-martial, convened at the Presidio of San Francisco, California. He was charged with two specifications of forgery, in violation of Article 123, Uniform Code of Military Justice, 10 USC § 923; one specification of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921; and five specifications of wrongful making and passing of bad checks, in violation of Article 123a, Uniform Code of Military Justice, 10 USC § 923a. In accordance with his plea of guilty, he was convicted of all charges and specifications. Appellant was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for five years. The convening authority reduced the period of confinement to eighteen months, and otherwise approved the sentence. A board of review in the office of The Judge Advocate General of the Army affirmed the findings and sentence. This Court granted appellant's petition for review on a single issue, the same being substantially:

Whether the two specifications of forgery are fatally defective and allege no offense under the Uniform Code of Military Justice, in that, the specifications fail to allege that the forged instruments "would, if genuine, apparently operate to the legal prejudice of another."

Article 123, Uniform Code of Military Justice, supra, provides, in part, as follows:

"Any person subject to this chapter who, with intent to defraud—

(1) falsely makes or alters any signature to, or any part of, any writing which would, if genuine, apparently impose a legal liability on another or change his legal right or liability to his prejudice;

. . .

is guilty of forgery and shall be punished as a court-martial may direct."

Each of the two specifications here involved alleges that the appellant did "with intent to defraud, falsely make the signature of Robert L. Davis to a certain check in the following words and figures, to wit." There then immediately follows a photographic copy of a conventional printed form of check, regular on its face, drawn on the Cambrian Park Branch of the Bank of America. The blank lines on the printed check form are filled, by handwriting, with a current date, the name of appellant as the person to whose order it is payable, the amount, and the purported signature of "Robert L. Davis."

Neither of the specifications contains the words of Article 123 that the instruments "would, if genuine, apparently operate to the legal prejudice of another." This omission gives rise to the question now pending before us.

Even a casual perusal of each of the facsimiles of the alleged forged checks shows that the same is in writing and purports to be signed by the drawer; it contains an unconditional order on a bank to pay a certain sum in money; by its terms it is payable on demand; it is payable "to order"; and the drawee is named therein with reasonable certainty. Therefore, the alleged forged instruments, under both the Law Merchant and the Uniform Negotiable Instruments Law, contain all of the requisites of a negotiable instrument, specifically, a check. 11 Am Jur 2d, Bills and Notes, § 6, et seq; 10 CJS, Bills and Notes, § 5, et seq. That a check will, "if genuine, apparently operate to the legal prejudice of another" is not open to question. Notwithstanding the presence in the specification, in haec verba, of such a check, is it requisite to the specification that it also contain the quoted language of the Code? We think not.

In United States v Sell, 3 USCMA 202, 206, 11 CMR 202, we said:

". . . The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet; and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction."

In the case before us, the appellant is alleged, with intent to defraud, to have falsely made the signature of a named individual to each check, a copy of which is included within the specification. Clearly this meets the test laid down in Sell, supra.

" . . . If the instrument on its face shows its legal efficacy, there is no necessity for an allegation of any extrinsic matter to give the instrument alleged to have been forged any force and effect beyond what appears on its face. . . ." [23 Am Jur, Forgery, § 46, at page 696.]

See United States v Marker, 1 USCMA 393, 3 CMR 127; United States v Steele, 2 USCMA 379, 9 CMR 9; United States v Fout, 3 USCMA 565, 13 CMR 121; United States v Petree, 8 USCMA 9, 23 CMR 233; United States v Mamaluy, 10 USCMA 102, 27 CMR 176. See also United States v Holland, 12 USCMA 444, 31 CMR 30; United States v Annal, 13 USCMA 427,

32 CMR 427. Cf. United States v Farley, 11 USCMA 730, 29 CMR 546.

The consistent holdings of this Court are based upon and sustained by the language of Mr. Justice Sutherland in Hagner v United States, 285 US 427, 431, 76 L ed 861, 52 S Ct 417 (1932):

"The rigor of old common law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and 'sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' "

From what we have said, it is evident the assignment of error must be overruled. However, "In passing, it may not be amiss to note the repeated judicial admonitions to the effect that prosecuting attorneys would best serve the object of . . . [statutes permitting simplified pleadings] by observing approved forms and charging the offense with precision and certainty, so as not to imperil the prosecution or raise unnecessary questions as to what are refinements and informalities, and what are indispensable allegations." 27 Am Jur, Indictments and Informations, § 53.

We desire to point out some of the very material distinctions between this case and United States v Wade, 14 USCMA 507, 34 CMR 287, this day decided. In that case we held the new Article 123a to have created two offenses in connection with the making, drawing or uttering of bad checks, one being committed with intent to defraud and the other with intent to deceive. We further held therein that a specification under that Article is insufficient which does not specifically allege which of the two offenses was intended to be charged, and that it is impermissible to attempt to allege in one specification the purpose set forth in one of such offenses and the intent of the other. In that case we reviewed the legislative history of Article 123a, Uniform Code of Military Justice, supra, and the legislative intent and purpose in enacting the same. We there concluded that such purpose and intent would be nullified should Article 123a not require, contrary to the general rule herein expounded, strict adherence to the specific language of that Article.

In connection with our decision in *Wade*, it may also be noted that the maximum punishments fixed by the President for a violation of Article 123a (Addendum to the Manual for Courts-Martial, United States, 1951, January 1963, page 9), distinguish between the offense committed with intent to defraud and that committed with intent to deceive. The punishment for the first offense varies from bad-conduct discharge and forfeitures and confinement not to exceed six months, to dishonorable discharge and forfeitures and confinement not to exceed five years, depending upon the face amount. The offense based upon an intention to deceive, regardless of amount, is limited to bad-conduct discharge, forfeitures and confinement not to exceed six months.

It has been held as to forgery, in accordance with the general rule, that an indictment is sufficient if it charges an offense with such a degree of certainty as to enable the court to pronounce a proper judgment in case of conviction. See 23 Am Jur, Forgery, § 40, and authorities there cited. However, with regard to Article 123a, such would be difficult if not impossible, in the absence of the specificity and certainty we have held to be required.

Nothing herein is in conflict with what we have held in *Wade*, supra, to be essential in the particular case of Article 123a.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.