UNITED STATES, Appellee

v

FRANK D. WILLIAMS, Staff Sergeant,
U. S. Air Force, Appellant

17 USCMA 321, 38 CMR 119

No. 20,316

December 15, 1967

*Captain John T. Dorman* argued the cause for Appellant, Accused. With him on the brief were *Colonel Dwight R. Rowland* and *Lieutenant Colonel Bertram Jacobson.*

*Captain Donald B. Strickland* argued the cause for Appellee, United States. With him on the brief was *Colonel James R. Thorn.*

## Opinion of the Court

QUINN, Chief Judge:

Appellant was convicted by a general court-martial of a number of offenses, including two of making and two of uttering a forged check, in violation of Article 123, Uniform Code of Military Justice, 10 USC § 923.[1] The findings of guilty were approved by the convening authority and affirmed by a board of review. At trial and on appeal, the accused contended he could not be prosecuted for the forgeries because the checks were issued in a blackjack game with other military personnel, and the law does not police conduct in furtherance of a gambling transaction. See United States v Wallace, 15 USCMA 650, 36 CMR 148; United States v Walter, 8 USCMA 50, 23 CMR 274; United States v Lenton, 8 USCMA 690, 25 CMR 194. The contention was rejected in all the proceedings below, and the accused petitioned this Court for further review.

Gambling is regarded as contrary to public policy. United States v Wallace, supra. As a result, transactions incident to a gambling operation, which would under other circumstances create legal interests, are, in-

---

[1] As to each check, the making and uttering were treated as not separate for sentence purposes. The court-martial imposed a sentence extending to dishonorable discharge and confinement at hard labor for three years. The convening authority reduced the confinement to two years.

stead, null and void. For example, in the *Lenton* case, we held that willful and deliberate refusal to pay a gambling debt will not support a charge of dishonorably failing to pay a debt, in violation of Article 134, Uniform Code, supra; in *Walter*, supra, we set aside a conviction for larceny because the evidence indicated the act resulted from issuance of worthless checks in a card game to co-participants in the game; and in United States v Maldonado, 15 USCMA 285, 35 CMR 257, it was determined that it is not robbery to reclaim by force property lost to another in a gambling transaction. In these, and similar cases, the act of alleged misconduct was criminal only if legal effect was given to the transfer of property or the assumption of a pecuniary liability as part of the gambling transaction. Courts refuse to give effect to the incidents of a transaction when the transaction itself is contrary to public policy. As the *Wallace* opinion pointed out, "the courts will not lend their offices to enforcement of obligations arising" from gambling. This is not to say, however, that a person engaged in gambling is immune from prosecution for every act of misconduct committed by him while the transaction is in progress. United States v Lenton, supra, at page 692.

Criminal liability for misconduct in the course of a gambling event is commonplace. A person who kills another because of an incident in a dice game is punishable for the homicide, see United States v Moore, 15 US CMA 187, 35 CMR 159; a participant in a bingo game who falsifies his card to collect a "jackpot" is properly chargeable with larceny, United States v Hartsook, 15 USCMA 291, 35 CMR 263; and it has been held that an officer who cheats in a card game is guilty of conduct unbecoming an officer and gentleman, in violation of Article 133, Code, supra, see United States v Britton, 13 USCMA 499, 33 CMR 31. The difference between these cases and those in which the gambling operation colors the accused's act is explained in the principal opinion in the *Walter* case. It was there noted that the criminal law does not "police the conduct of persons within illegal operations that do not touch the general public." The forgeries in this case concerned others besides the participants in the blackjack game. The accused signed the name of Master Sergeant Roy L. Bowington as the drawer of the checks. On its face, each check had apparent legal efficacy to charge Bowington with pecuniary liability, as the putative drawer. United States v Granberry, 14 USCMA 512, 34 CMR 292.

Appellate defense counsel contend that what the accused did is not punishable because Bowington suffered no loss. Actual pecuniary loss, however, is not an essential element of the offense of forgery. It is "sufficient if there is intent to defraud someone by making . . . a writing, which, if genuine, would apparently impose a legal liability on another or change his legal right or liability to his prejudice." United States v Taylor, 9 US CMA 596, 26 CMR 376. It is also true that, as forgeries, the checks had no legal efficacy. To that extent, they can, as appellate defense counsel argue, be compared to checks given to satisfy a gambling debt which, although worthless in fact, cannot support a prosecution for issuance of bad checks. United States v Walter, supra. The worthlessness of the checks does not help the accused. A forged instrument need not have actual value; rather it is only necessary that it possess apparent legal efficacy. A Texas Court of Criminal Appeals discussed this point in rejecting a contention similar to this accused's. In pertinent part, the Court said:

"... This contention cannot be sustained. The instrument was on its face good and valid for the purpose for which it was created. We understand the rule to be that an instrument valid on its face may be the subject of forgery, though collateral or extrinsic facts may exist that would render it absolutely void. King v State, 42 Tex Cr R 108, 57 SW 840, 96 Am St Rep 792. We quote from Tracy v State, 49 Tex Cr R 37, 90 SW 308, 309, as

follows: 'It does not follow in any event that because an instrument will not form the basis of a civil proceeding, or the predicate for a judgment in a civil action, therefore the instrument would not be the subject of forgery. It is too well settled for discussion that the forgery of a fictitious name will form the basis of a conviction for forgery, yet it might not form the basis of a civil judgment. If the instrument, by its tenor, is as the law books say, "a complete and valid instrument upon its face," then it is the subject of forgery. * * * So, if the instrument is void on its face, it cannot be subject to forgery, but otherwise if valid on its face, though invalid as a matter of fact or under proof.'" [Richards v State, 116 Tex Cr 100, 29 SW2d 367, 370 (1930).]

We conclude that while the checks were used in a blackjack game, the accused was properly charged with forging the signatures. Accordingly, the decision of the board of review is affirmed.

Judge KILDAY concurs.

Judge FERGUSON concurs in the result.