UNITED STATES, Appellee

v

JAMES DRIGGERS, Private, U. S. Army, Appellant

21 USCMA 313, 45 CMR 147

No. 24,656

May 12, 1972

*Captain James L. Powers* argued the cause for Appellant, Accused. With him on the brief were *Colonel George J. McCartin, Jr., Lieutenant Colonel Joseph E. Donahue, Captain Robert B. Harrison, III,* and *Captain John D. Lanoue.*

*Captain Thomas W. Phillips* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway,* and *Captain Walter A. Smith, III.*

DARDEN, Chief Judge:

The Court granted this case to examine the providency of the appellant's plea of guilty to uttering a forged instrument.

The substance of the relevant charge and its specification is that on or about May 5, 1970, at Fort Campbell, Kentucky, appellant Driggers uttered, with the intent to defraud, a military order to obtain approval of a travel request from Fort Campbell to Fort Ord, California, of a value of about $133, knowing that the order was falsely made. The order, incorporated as an integral part of the specification, follows in its exact form:

"DEPARTMENT OF THE ARMY
U. S. ARMY TRANSPORTATION CENTER
FORT EUSTUS, VIRGINIA 23604

18 Spril 1970

SPECIAL ORDERS
NUMBER 28
EXTRACT

4. TC 209 Following reassignment directed. Individual will proceed on PERMANENT CHANGE OF STATION as directed or indicated.

DRIGGERS, JAMES    406–72–5058 PV3 P68B20 alt. 61C20 Airborne
Assigned to:    714th Trans Corps Bn (CK4A) Ft Ord, Calif.
Authority:    Fonecon Mrs. Willey this sta & Mrs. Jones
     CONARC 18 Apr 70

ADMINISTRATIVE ACCOUNTING DATA
Auth:    Fonecon Mrs. Willey this Sta & Mrs. Oriana OPO
     DA 18 Apr 70 UNOINDC
PSC MDC:    3BEO
Aloc:    NA
Lv Adrs:    R#1 Utica, Kentucky 42376

FOR THE INDIVIDUAL
Assigned to:    USA Transportation Division Ft Ord, Calif, Unless
     otherwise indicated.
Reporting date:    27 May 1970
Leave Data    27 days

Supplemental Instructions:    (a) Comply with the following numbered items of DA

Special Instructions: (Appendix C, AR 110–10): 2-thur-20 xclud 5–16 (b) Will Proceed Date: 1 Apr 70 Enlisted men have been granted leave or pass upon departure this duty station. Military Personnel Records Jackets will be mailed.

(c) AR 190–19, dated 30 Sep 68, requires that two separate reports be submitted by gaining unit commander following the assignment of personnel from this facility. Para 12c requires that an EER (DA Form 2166) be submitted within 15 days after the completion of 60 days of duty. Para 12b requires that the gaining unit commands notify this facility by electrical means of their reporting or failure to report for duty. In case of minimize, report will be sent by mail. Request reports be addressed to this facility, ATTN: PMGK-CTPE.

Co. A 3rd School Bn Ft Eustus, Virginia

**374**

PARA 4 SO 29 DA USA Trans Center Fort Eustus, Va. 23604 18 April 1970

FOR THE COMMANDER:

OFFICIAL:  J. L. McGILLEN
           MAJ, AGC
           Adjutant

JUNE M. FOY
CPT, AGC
Asst Adjutant    DISTRIBUTION:
                 1-Mail Br
                 5 indiv conc
                 3 PMGK-CTPE-CT
                 3 PMGK-CTPE-PM
                 1-Record Files each unit."

A stipulation of fact introduced at trial indicates that Driggers turned himself in at Fort Campbell after having overstayed authorized leave from the Transportation School Brigade at Fort Eustis, Virginia. Intending to secure money and transportation to Fort Ord, he presented the special order appearing above to a representative of the Red Cross at Fort Campbell. As the stipulation shows, he knew the order was not genuine. If the order had served his intended purpose, he immediately would have absented himself without leave, with one result being the defrauding of the Red Cross.

Pointing out that the regulation governing preparation of an order of the kind in issue[1] requires that such an order be signed, the appellant argues for the dismissal of this charge and its specification. Developing this argument, he contends that since the order was without apparent efficacy because it was unsigned, it cannot support a forgery conviction. Another of his arguments is that since, at least in the appellant's view, the order does not appear to have legal efficacy, the specification must allege that the order would, if genuine, apparently operate to the legal prejudice of another.

Implementing Article 123, Uniform Code of Military Justice,[2] 10 USC § 923, paragraph 202 of the Manual for Courts-Martial, United States, 1969 (Revised edition), provides that forgery is:

". . . [T]he false making or altering with intent to defraud of any signature to, or any part of, any writing which would, if genuine, apparently impose a legal liability on another or change his legal right or liability to his prejudice; or the uttering, offering, issuing, or transferring, with intent to defraud, of such a writing known by the offender to be so made or altered."

See also United States v Strand, 6 USCMA 297, 301, 20 CMR 13 (1955).

To support a prosecution under Article 123, the order that Driggers presented, even if it had the appearance of genuineness, must also either independently or as a step in a series appear to perfect a legal right or to impose a liability. Compare United States v Phillips, 14 USCMA 620, 34 CMR 400 (1964) (carbon copies of an allotment authorization), and United States v Strand, supra (a letter).

---

[1] Paragraph 1–24c(5) of Army Regulation 310–10.

[2] "Art. 123. Forgery.
"Any person subject to this chapter who, with intent to defraud—
   (1) falsely makes or alters any signature to, or any part of, any writing which would, if genuine, apparently impose a legal liability on another or change his legal right or liability to his prejudice; or
   (2) utters, offers, issues, or transfers such a writing, known by him to be so made or altered;
is guilty of forgery and shall be punished as a court-martial may direct."

**375**

A stipulation of fact in this case establishes that the order was not genuine. The question then is whether it had apparent legal efficacy. To be a forgery, an instrument does not have to be a perfect facsimile. An instrument is forged "if it bears such a resemblance to the document [it is intended to represent] as may deceive a person of ordinary observation or business capacity, although experts or persons of experience could not be deceived by it." 36 Am Jur 2d, Forgery, § 21.

Paragraph 1–24c of Army Regulation 310–10 prescribes the procedures for authenticating routine orders. This paragraph requires authentication of orders signed by persons other than the commander. The order that appellant Driggers fabricated fails to comply with this procedure in that the signature of Captain June M. Foy, the authenticating officer, does not appear above her typed name. If the order had contained either this written signature or the imprint of the official seal of the organization's headquarters, it would comply substantially with the regulation governing preparation of such orders. Although a person with a thorough knowledge of the regulations governing preparation and authentication of orders might not have been deceived by the order that appellant Driggers created, we consider that in its entirety it had an appearance genuine enough to deceive a person of ordinary observation or business capacity. Compare Hall v State, 31 Ala App 455, 18 So 2d 572 (1944), and State v Saucier, 102 Miss 887, 60 So 3 (1912).

Obviously appellant Driggers thought the order appeared genuine enough to use in an attempt to put him in a category in which he was entitled to a benefit. United States v Addye, 7 USCMA 643, 23 CMR 107 (1957); United States v Noel, 11 USCMA 508, 29 CMR 324 (1960). And the document he presented would have had the effect of creating a legal liability for the person or organization that accepted it as authentic. United States v Taylor, 9 USCMA 596, 26 CMR 376 (1958).

Our decision is that the order had apparent legal efficacy on its face and that consequently the specification was sufficient despite its not alleging that the order would, if genuine, apparently operate to the legal prejudice of another. The plea was provident.

We affirm the decision of the Court of Military Review.

Judges QUINN and DUNCAN concur.