**UNITED STATES**

**v.**

**Specialist Four Martin E. ESLOW, 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, U.S. Army, Company C, 16th Signal Battalion, 13th Corps Support Command (Provisional), Fort Hood, Texas 76544.**

**SPCM 11262.**

U. S. Army Court of Military Review.

11 Sept. 1975.

Appellate counsel for the Accused: CPT Robert D. Jones, JAGC; MAJ Richard J. Goddard, JAGC; LTC James Kucera, JAGC.

Appellate counsel for the United States: CPT Gary F. Thorne, JAGC; CPT Dana C. McCue; JAGC; MAJ Steven M. Werner, JAGC.

## OPINION OF THE COURT

FELDER, Judge:

In accordance with his plea of guilty, the accused was convicted of bribery and wrongful possession of marihuana in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge, confinement at hard labor for two months, forfei-ture of two hundred dollars per month for two months and reduction to Private (E-1). The convening authority approved the sentence.

The accused related to the military judge the facts, which constitute the basis for the offenses. Sometime prior to 4 December 1974, he placed approximately six hundred and sixty-two grams of marihuana in his duffle bag. On 4 December 1974 the accused's duffle bag was among several that were loaded in the rear of a unit truck. When the accused's company commander and first sergeant learned from an informant about the marihuana being on the truck, they placed a guard on the truck to ensure that the accused did not remove the marihuana. When the accused gained knowledge of their actions, he approached the guard and asked him if he would take four hundred dollars to turn his back and let him take the marihuana out of the duffle bag. The guard refused the offer.

We are concerned about the sufficiency of the specification to allege the offense of bribery. The specification alleges the following:

"In that Specialist Four Martin E. Eslow, US Army, Company C, 16th Signal Battalion, 13th Corps Support Command (Provisional), did, at Fort Hood, Texas on or about 4 December 1974, wrongfully and unlawfully offer to Specialist Four William H. Frankfurt, a guard for Company C, 16th Signal Battalion field location, the sum of $400.00 as compensation for services to be rendered, to wit: to let Specialist Four Martin E. Eslow get into his duffle bag to get something out of it."

During the inquiry to determine the providence of the plea of guilty, the military judge advised the accused there were five elements of the offense. He listed them in the following manner:

"Number one, that about the fourth of December 1974 at Fort Hood, you wrongfully and unlawfully offered four hundred dollars to Specialist Four William H. Frankfurt; number two, that at the time Specialist Four Frankfurt had official

duties, namely, he was a guard for the C Company, 16th Signal Battalion field location; number three, that the four hundred dollars was offered with the intent to influence Specialist Four Frankfurt to let you get into your duffle bag to get something out of it; number four, that the security of your duffle bag was an official matter in which the United States was then and is now interested; and number five, that under the circumstances your conduct was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces."

■ The elements of proof enumerated by the military judge far exceed those alleged. Nowhere in the specification is there an allegation that the money was offered with the intent to influence official action, which is a necessary element of bribery[1] and solicitation of a bribe.[2] Therefore, the specification is fatally defective.

■ We next consider whether the specification alleges the offense of graft. By definition graft contemplates an advantage or personal gain received in a dishonest transaction in relation to official acts. It sometimes implies theft, corruption, dishonesty, fraud, or swindle, and always a want of integrity.[3] It differs from bribery in that an intent to improperly influence official action need not be alleged or proven. *United States v. Marshall*, 18 U.S.C.M.A. 426, 428, 40 C.M.R. 138, 140 (1969).

In *Marshall, supra,* the specification alleged in material part that the accused unlawfully and wrongfully offered another fifty dollars as compensation for services to be rendered by him "in relation to an official matter in which the United States was and is interested." Namely, the finance records regarding the accused's leave. The Court of Military Appeals held the averments covered all the essential elements of graft, citing its decision in *United States v. Wiley,* 16 U.S.C.M.A. 449, 37 C.M.R. 69 (1966). The essential difference between the specification in *Marshall* and that in the instant case is that the latter does not contain the clause quoted above.

■ It is a well-settled general rule that a specification must set forth, either directly or by necessary implication, all the essential elements of the offense sought to be charged. The failure to attack a fatally defective specification cannot be waived and a plea of guilty will not cure the deficiency.[4] The gravamen of graft involves a dishonest transaction in relation to official acts, as distinguished from private intercourses. The law prohibiting graft was designed to prevent public employees from extracting personal profits while acting in their official capacity.[5]

■ A specification which fails to allege that the acts prohibited are of a governmental or public nature does not state the offense of graft.[6] Further, it has been decided that a specification did not allege the offense of graft where it was devoid of anything tending to suggest that the offer was made to the offeree by virtue of his

1. *United States v. Marshall,* 18 U.S.C.M.A. 426, 40 C.M.R. 138 (1969); *United States v. Bey,* 4 U.S.C.M.A. 665, 16 C.M.R. 239 (1954); *United States v. Alexander,* 3 U.S.C.M.A. 346, 12 C.M.R. 102 (1953); *United States v. Williams,* 30 C.M.R. 650 (N.B.R. 1960).

2. *United States v. Gunnels,* 21 C.M.R. 925 (A.F.B.R. 1956) *reversed on other grounds,* 8 U.S.C.M.A. 130, 23 C.M.R. 354 (1957); *United States v. Kalmaer,* 20 C.M.R. 748 (A.F.B.R. 1955), *pet. denied,* 20 C.M.R. 398 (1955).

3. *United States v. Alexander, supra,* at 106; *United States v. Hoke,* 21 C.M.R. 681, 683–684

(A.F.B.R.1956), *pet. denied,* 21 C.M.R. 340 (1956).

4. Paragraph 28a (3), Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Stewart,* 48 C.M.R. 877 (A.C.M.R.1974); *United States v. Williams,* 23 C.M.R. 868 (A.F.B.R.1957).

5. *See* 18 United States Code, Section 201.

6. *Cf. United States v. Coogan,* 28 C.M.R. 595 (A.B.R. 1959), *pet. denied,* 29 C.M.R. 586 (1960); *United States v. Williams,* 23 C.M.R. 868 (A.F.B.R. 1957).

possession of a peculiar position of superiority, influence or trust.[7]

■ Therefore, we conclude that the specification fails to allege an offense under the Uniform Code of Military Justice, 10 U.S.C. §§ 801–940.

■ The accused contends on appeal it was error for the military judge to consider as evidence prior to sentencing a record of nonjudicial punishment, which did not contain a notation that the accused was informed of his right to consult with legal counsel before accepting punishment. This contention is without merit because the regulation in effect at the time the nonjudicial punishment was administered merely required that the accused be informed of his right to consult with counsel concerning the proposed disciplinary action and informed the location of counsel.[8] There was no requirement that this advice be noted on the record of proceedings.

■ The finding of guilty of Specification 1 of the Charge is set aside and that charge is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, the Court affirms the sentence.

Senior Judge JONES and Judge O'DONNELL concur.

UNITED STATES

---

**7.** *United States v. Hoke,* 21 C.M.R. 681 (A.F.B.R.1956), *pet. denied,* 21 C.M.R. 340 (1956).

**8.** Paragraph 3–12a, Army Regulation 27–10, Change 8, dated 7 September 1971.