UNITED STATES

v.

Ty Graham THOMAS, 498 60 6190
Private First Class (E–2) U.S.
Marine Corps.

NCM 75 0255.

U. S. Navy Court of Military Review.

17 Sept. 1975.

Appearances: Capt. Paul H. Duvall, USMCR, Appellate Defense Counsel. Lt. J. W. Mallery, Jr., JAGC, USNR, Appellate Government Counsel.

DECISION

FULTON, Judge:

Contrary to his plea, appellant was convicted of unauthorized absence (two specifications), failure to go to his appointed place of duty (two specifications), failure to obey a general order, disrespect to commissioned officers (two specifications), failure to obey commissioned officers (two specifications), failure to obey a noncommissioned officer and malingering in violation of Articles 86, 89, 90, 91, 92, and 115, UCMJ, 10 U.S.C. §§ 889, 890, 891, 892, 915. His sentence as approved below provides for a bad conduct discharge, confinement at hard labor for six months, forfeiture of $150.00 pay per month for six months, and reduction to pay grade E–1. The bad conduct discharge and confinement in excess of three months were suspended by the convening authority.

Appellant avers that the evidence of record is insufficient to prove his guilt to the unauthorized absence alleged in Additional Charge IV. We disagree. The testimony of Chief Warrant Officer (W–3) Bondurant [R. 30, 31] and Lance Corporal Steele [R. 17] establishes appellant's guilt to this charge and specification beyond a reasonable doubt.

Although not raised at trial or in the pleadings, we question whether the malingering specification alleges an offense in violation of Article 115, UCMJ. The specification of Additional Charge VII states that the appellant:

". . . did, at Marine Corps Air Station, El Toro (Santa Ana) California, on or about 17 June 1974, for the purpose of avoiding work, to wit: Window washing, state 'I have a light duty chit for no prolonged standing.' "

Article 115, UCMJ, provides:

"Any person subject to this chapter who for the purpose of avoiding work, duty, or service—

(1) feigns illness, physical disablement, mental lapse or derangement; or

(2) intentionally inflicts self-injury; shall be punished as a court-martial may direct."

■ The test for determining the sufficiency of a specification is (1) whether it contains the elements of the offense; (2) apprises the accused of what he must be prepared to defend; and (3) whether sufficient facts are provided for a plea of former jeopardy. *United States v. Sell*, 3 U.S.C. M.A. 202, 11 C.M.R. 202 (1953). *Sell, supra*, makes it clear that the test is not whether the specification could have been more definite and certain. In *United States v. Mamaluy*, 10 U.S.C.M.A. 102, 27 C.M.R. 176 (1959), the Court of Military Appeals says:

"Here the accused entered a plea of guilty to the offense alleged and in no manner raised any objection to the sufficiency of the pleadings. Under those circumstances, the questioned specification is insufficient to withstand his charge that it does not state an offense if the necessary facts are stated in any form or by fair construction can be found within the language of the specification. At this stage of the proceedings it is not enough for the accused to establish that the charge is inartfully or loosely drawn. He must show it is lacking in one or more of the essential elements of the offense." 10 U.S.C.M.A. at 104, 27 C.M.R. at 178.

■ In the case *sub judice* the appellant pleaded not guilty. We have concluded that one of the essential elements is missing and cannot be supplied through fair implication within the four corners of the allegations.

Article 115, *supra*, makes it an offense to feign certain named infirmities or intentionally inflict self-injury with the intent to avoid work, duty or service. An essential element is the feigning of an infirmity or the infliction of self-injury, MCM, 1969 (Rev.), paragraph 194. We are unable to find any fair allegation or implication in this specification that the appellant feigned an infirmity or inflicted self-injury.[1] The findings of guilty to Additional Charge VII and the specification thereunder will be set aside.

■ Appellant pleaded guilty to unauthorized absence from 0746 13 May 1974 to 0745 16 May 1974. During the *Care* inquiry, the military judge affirmed the defense counsel's assertion that the maximum punishment was "six months confinement at hard labor, six month forfeitures of two-thirds of his pay, and reduction to pay grade E–1."[2] The maximum authorized punishment for a not more than three-day absence is confinement at hard labor for one month, forfeiture of two-thirds pay per month for one month and reduction to E–1. MCM 1969 (Rev.), paragraph 127c, see pages 25–11 and 25–18. We find that any misunderstanding as to punishment did not infect the guilty plea and the effect, if any, was *de minimus*.

The findings of guilty to Charge VII and the specification thereunder are set aside and the charge is dismissed. The remaining findings of guilty are affirmed. Upon reassessment, only so much of the sentence approved below as provides for a suspended bad conduct discharge, confinement at hard labor for three months, forfeiture of $150.00 pay per month for three months, and reduction to pay grade E–1 is affirmed.

Chief Judge CEDARBURG and Judge GLASGOW concur.

1. We note appellant was found not guilty of making a false official statement that "I have a light duty chit for no prolonged standing," Article 107, UCMJ.

2. See *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969); MCM, 1969 (Rev.), paragraph 70b.