UNITED STATES, Appellee,

v.

Specialist Four William P. SCHWARZ, SSN 309–76–4709, United States Army, Appellant.

CM 440676.

U. S. Army Court of Military Review.

10 Sept. 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel Jerome E. Kelly, JAGC, and Captain Gunther O. Carrle, JAGC, were on the pleadings for appellant.

Major John T. Edwards, JAGC, Captain Paul K. Cascio, JAGC, and Captain John L. Plotkin, JAGC, were on the pleadings for appellee.

Before MITCHELL, MILLER and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

MITCHELL, Senior Judge:

Along with the offense of bribery (Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (1976)), appellant was found guilty of six separate acts of forgery. (Article 123, UCMJ, 10 U.S.C. § 923 (1976)). The sufficiency of the forgery specifications to state an offense is an issue before us, notwithstanding appellant's plea of guilty and his counsel's omitting an attack on the sufficiency at trial.

With the exception of the name of the victim the specifications read identically:

In that Specialist Four William P. Schwarz, US Army, Headquarters and Headquarters Company, 1st Battalion, 50th Infantry, 2d Armored Division, did at Fort Hood, Texas, on or about 1 November 1980, with intent to defraud falsely fill in an allotment for $35.00 to American Pioneer Life Insurance Company on a DA Form 1341, JUMPS–Army Allotment Authorization, signed by Private E–1 [name of victim]. Jurisdiction attaches to the military in that the of-

fense occured at Fort Hood, an area under military control and jurisdiction.

Looking at the specifications we are readily aware that they do not include the express allegation called for in specimen specification no. 93, Appendix 6, Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM 1969 (Rev.)) and grounded in the language of Article 123, UCMJ, 10 U.S.C. § 923 (1976), that the instrument "would if genuine, apparently operate to the legal prejudice of another." As that language describes an element of the offense, it is called for by the subject specimen. Query: Is that element necessarily and sufficiently implied so that the omission in the instant specifications is not fatal? *United States v. Granberry*, 14 U.S.C.M.A. 512, 34 C.M.R. 292 (1964).

■ As a matter of proof apart from pleading questions, a document may be the subject of forgery if it either independently, or as a step in a series appears to perfect a legal right or to impose a liability. *United States v. Driggers*, 21 U.S.C.M.A. 373, 45 C.M.R. 147 (1972). The evidence, as related by appellant, showed that he, as Battalion PAC clerk, had the obedient and trusting victims (Army trainees) fill out DA Forms 1341, JUMPS–Army allotment authorizations, leaving blank, among other things, the name of the allottee and the amount of the allotment. Without the knowledge or consent of the trainees, appellant then delivered the executed forms to his civilian accomplice for her to complete the forms, to include filling in the name of an insurance company as payee. He consummated the fraudulent scheme by introducing the forms into the computerized finance system headquartered in Indianapolis. Appellant's recompense: $35.00 for each processed allotment form.

■ A specification is a "statement in simple and concise language of the facts constituting the offense." Paragraph 28a (3), MCM 1969 (Rev.). It's purpose is threefold. It sets out the elements of the offense charged. It warns the accused of what he must defend against. It provides the accused with sufficient facts to raise the plea of double jeopardy. *United States v. Sell*, 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953); *United States v. Yarbrough*, 9 M.J. 882 (A.F.C.M.R.1980); *United States v. Thomas*, 1 M.J. 692 (N.C.M.R.1975).

■ In the Army the word "allotment" is one of common usage with a settled interpretation. It is "[a] definite portion of the pay and allowances of a person in the military service, which is voluntarily authorized to be paid to an allottee." Appendix K, Army Regulation 37–104–3, Military Pay and Allowances Procedures—Joint Uniform Military Pay System (JUMPS—Army), (Change 4, dated 11 April 1975). A filled-in allotment form is an instrument analogous to a bill, note, or check which shows its legal efficacy on its face and, hence, no further allegation of the prejudicial effects of its forgery are required. *Cf. United States v. Phillips*, 14 U.S.C.M.A. 620, 34 C.M.R. 400 (1964) (an original allotment form seemingly has efficacy to deprive the victim of the forgery of a portion of his pay); *United States v. Jackson*, 38 C.M.R. 741 (N.B.R.1967) (a check is a commonly recognized commercial instrument and the word is sufficiently descriptive); *United States v. Killen*, 20 C.M.R. 489 (A.B.R.1956) (a test paper is not an instrument of common meaning like bills, notes, orders, and similar documents and additional allegations were required).

The specifications of the subject forgery charge fulfill their purpose. They alleged that at a certain date and place appellant falsely made allotments in the amount of $35.00 to the American Pioneer Life Insurance Company on allotment authorization forms signed by certain named trainees and that these acts were done with the intent to defraud the named trainees. Appellant argues that the element of legal detriment was not alleged. That the element was not set forth in so many words is apparent; however, the absence is not fatal since it is necessarily implied by the language used. *United States v. Granberry*, 14 U.S.C.M.A. 512, 34 C.M.R. 292 (1964).

There is another important reason which supports the sufficiency of the specifications. Appellant has challenged their adequacy for the first time on this appeal. His silence at trial is persuasive evidence that he was not misled and that the specification fulfilled their notice function. Furthermore, although a failure to object does not waive the issue of a fatally deficient specification, *United States v. Hunt*, 7 M.J. 985 (A.C.M.R.1979), *affirmed*, 10 M.J. 222 (C.M.A.1981); *United States v. Eslow*, 1 M.J. 620 (A.C.M.R.1975), silence below does lessen the Government's burden on appeal. The Court of Military Appeals said long ago:

> [W]hen the pleadings have not been attacked prior to findings and sentence, it is enough to withstand a broadside charge that they do not state an offense, if the necessary facts appear in any form or by fair construction can be found within the terms of the specification. For a certainty, appellate tribunals should not permit a pleading to be challenged for the first time on appeal merely because it is loosely drawn.

*United States v. Sell*, 3 U.S.C.M.A. at 206, 11 C.M.R. at 206 (1953).

Accordingly, the findings of guilty and the sentence are affirmed.

Judge MILLER and Judge LEWIS concur.