UNITED STATES, Appellee

v

RICHARD L. FAYLOR, Private E–1,
U. S. Army, Appellant

8 USCMA 208, 24 CMR 18

No. 9633

Decided August 23, 1957

First Lieutenant Robert J. Hearon, Jr., argued the cause for Appellant, Accused. With him on the brief was Major Frank C. Stetson.

First Lieutenant Robert L. Spatz argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel Thomas J. Newton and First Lieutenant James G. Duffy.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Without authority, the accused took a jeep from his organization's motor park and went for a ride. As he was attempting to turn the vehicle on a narrow road, it went off an embankment and turned over. Returning to his Orderly Room, the accused reported to his first sergeant that the jeep had been stolen. Six days later, the vehicle was discovered. The accused was tried and convicted on two charges, one of which alleges that he disposed of a military vehicle by abandonment, in violation of Article 108, Uniform Code of Military Justice, 10 USC § 908. We granted review to consider whether the abandonment of military property falls within the prohibitions of that Article.

Under Article 108, any person sub-

208

ject to the Uniform Code who, without proper authority, "sells or otherwise disposes of" military property is subject to punishment by court-martial. The accused contends that the words "or otherwise disposes of" are limited by their association with the word "sells," and cannot include a situation, as in abandonment, in which there is no specific recipient of the relinquished title or control over the property. This argument misconstrues the nature of the offense. As its history demonstrates, it is not concerned with improper receipt of military property, but with its improper disposition.

Before the Uniform Code, two Articles of War provided for wrongful disposition of military property. One was Article of War 84, which provided that "Any soldier who sells or wrongfully disposes of . . . any horse, arms, ammunition, accouterments, equipment, clothing, or other property issued for use in the military service" was punishable by court-martial. This prohibition was substantially the same as that in Article of War 94. In part, Article of War 94 provided that whoever "wrongfully or knowingly sells or disposes of any ordnance, arms, equipment, ammunition, clothing, subsistence stores, money, or other property of the United States furnished or intended for the military service thereof" committed a punishable offense. Under Article of War 94, the wrongful disposition of military property was broader in scope than a sale. Colonel Winthrop points out in his celebrated work that it included "any unauthorized pledge, barter, exchange, loan, or gift, of public property." Winthrop, Military Law and Precedents, 2d ed, 1920 Reprint, page 708. See also United States v Tuten, 81 BR 111; United States v Nowak, 64 BR 53. The same construction was given to the disposition phrase in connection with Article 84. See United States v Liston, 79 BR 9; United States v Atkins, 14 BR 175; United States v Sedlak, 10 BR 53; United States v Brant, 2 CMR (AF) 837. The draftsmen of the Uniform Code advised Congress that the provisions of Article of War 94 were deleted from the successor fraud article (Article 132) because the prohibited acts "are now covered by article 121 (larceny) or article 108 (wrongful disposition of military property)." Hearings before Subcommittee of House Armed Services Committee, 81st Congress, 1st Session, on H.R. 2498, pages 1230, 1235. The draftsmen also informed Congress that Article 108 of the Uniform Code represents a consolidation of Articles of War 83 and 84. It would appear, therefore, that in enacting Article 108, Congress intended to give the phrase the same meaning that it had under the Articles of War. United States v Butts, 7 USCMA 472, 22 CMR 262. As a matter of fact, we implied as much in United States v Brown, 8 USCMA 18, 23 CMR 242.

In the light of the precedents surrounding the statutory provisions which it carried over, Article 108 proscribes a variety of unauthorized dispositions of military property without regard to the beneficiaries. Instead, the Article is directed against the unauthorized surrender of the use of, the control over, or the ostensible title to, military property. We need not attempt to define its exact limits. It clearly covers a surrender which is permanent, as in the case of a sale or a gift, or one which is temporary, as in a loan or a pledge. See United States v Brown, supra. Whatever the result so far as ultimate recovery is concerned, an abandonment is unquestionably a surrender of dominion and control over the property for the time it is out of the hands of authorized persons. If there is no recovery, the disposition of the property is as complete as a sale, gift, or exchange. If there is recovery, the Government is still as much deprived of the use of the property as though it had been improperly loaned. We conclude, therefore, that an unauthorized abandonment is a disposition within the meaning of Article 108.

The decision of the board of review is affirmed.

Judges LATIMER and FERGUSON concur.