UNITED STATES, Appellee

v

GENE D. ROBERGE, Private, U. S. Marine Corps, Appellant

No. 21,692

March 7, 1969

*Lieutenant V. L. Evans,* JAGC, USNR, was on the pleadings for Appellant, Accused.

*Colonel C. R. Larouche,* USMC, and *Captain William S. Foss,* USMCR, were on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Pursuant to his pleas of guilty, the accused was convicted of absence without leave, larceny (ten specifications), and housebreaking with intent to commit larceny (one specification), in violation of Articles 86, 121, and 130, Uniform Code of Military Justice, 10 USC §§ 886, 921, and 930, respectively. He was sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for two years. The convening authority mitigated the dishonorable discharge to a bad-conduct discharge, but otherwise approved the findings and sentence. The board of review affirmed without opinion.

In our review of the record, we note that at the time the law officer inquired into the providence of the accused's pleas, the latter disclaimed any intent to steal the property involved in specifications one through five, and seven through ten, alleging larceny. Only specification six was outside the ambit of his stated intention that the owners of the property would effect recovery thereof. According to the accused, he pawned the property in question, knowing the victims would report the theft, a check of the shops would be made, and the property returned. As he asserted, "if I didn't want them to get it back I would have sold it."

If an accused denies an element of the offense (as in this case, an intent *to permanently* deprive the owner of his property), or makes statements inconsistent with his pleas, the court must reject them and proceed as if he had pleaded not guilty. Article 45, Code, supra, 10 USC § 845; United States v Chancelor, 16 USCMA 297, 36 CMR 453; United States v Vaughn, 17 USCMA 520, 38 CMR 318. Failure to do so results in an improvident plea requiring reversal. United States v Vaughn, supra; United States v Vance, 17 USCMA 444, 38 CMR 242.

We find that the evidence in this case comes within the purview of Article 45, Code, supra, and the cited opinions. However, since the accused, by his testimony, admitted the offenses of wrongful appropriation and housebreaking with intent to commit wrongful appropriation, these offenses can be affirmed. United States v Patterson, 14 USCMA 441, 34 CMR 221.

Accordingly, the decision of the board of review as to specifications one through five, and seven through ten, of the Charge of larceny and the Charge and specification of housebreaking with intent to commit larceny is reversed. The record of trial is returned to the Judge Advocate General of the Navy. The board of review may affirm the lesser included offenses of wrongful appropriation as to the affected specifications and reassess the sentence, or a rehearing may be ordered.