UNITED STATES, Appellee

v

GERALD R. JUHL, Private First Class,
U. S. Marine Corps, Appellant

20 USCMA 327, 43 CMR 167

No. 23,248

February 5, 1971

*Lieutenant Kenneth N. Beth*, JAGC, USN, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Allen D. Black*, JAGC, USNR.

*Captain Frank J. Kaveney,* USMCR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Charles J. Keever,* USMC.

## Opinion of the Court

DARDEN, Judge:

The appellant was tried by general court-martial at Camp Pendleton, California, before a military judge alone. Following his plea of guilty, Juhl was convicted of two specifications of robbery, leaving his sentry post before being relieved, wrongfully discharging a rifle under circumstances such as to endanger human life, and wrongfully disposing of military property. His sentence included a bad-conduct discharge, total forfeitures, confinement at hard labor for twenty-four months, and reduction to the pay grade of E–1. In compliance with a pretrial agreement, the convening authority reduced the period of confinement to twelve months but approved the remainder of the sentence. The United States Navy Court of Military Review later affirmed the findings and sentence. We granted review to consider the providency of the appellant's pleas of guilty to specifications alleging the robbery (specification 1, Charge I) and disposition of an M–14 rifle (specification 1, Charge V) and whether these specifications are multiplicious for sentence purposes.

The record establishes that on the afternoon of December 25, 1969, the appellant and Private Holloman were on sentinel duty. Leaving his post, Juhl walked across the street and stood behind a building. When Holloman appeared, the appellant leveled his weapon and threatened to shoot if Holloman did not place his own rifle on the ground and step away. In answer to questions by the military judge, the appellant stated that he took Holloman's rifle with the intent to use it to get off base. At first, he readily admitted his intent to permanently deprive Holloman of the weapon. Later, however, when asked how he disposed of the rifle, Juhl testified that he just dropped it on the side of the road. Questioned further,

he remarked that he had not intended to throw it away, saying:

". . . I didn't throw it away where no one would get it. Like throwing it in a river, ocean, or something else, it was there, someone could pick it up and turn it in."

Asked again if he intended to permanently deprive the Government and Holloman of the rifle, the appellant this time replied:

". . . Not permanently, no sir. It could have been picked up. I left it in an open spot. It used to be a road but it's closed off. But they use it, a lot of people walk on it, it could have been found by anyone."

Concerned by this response, the military judge asked Juhl if he was "actually wrongfully disposing of that rifle?" The reply was in the negative. Uncertain that the plea of guilty to the robbery of Holloman under specification 1, Charge I, was proper, the military judge then considered the terms of the pretrial agreement. When he questioned the appellant again, the latter acknowledged only that he wanted to deprive Holloman of the use and benefit of the M–14 rifle.

Trial counsel expressed the view that the intent was adequately shown because the dropping of the rifle on the side of the road was an act that would not guarantee its return to the owner. He acknowledged, however, that the weapon was recovered.

When the appellant persisted in his plea after further discussion with his counsel, the military judge ended the inquiry by accepting the plea of guilty.

In military law, the introduction by an accused of a statement or information inconsistent with ▪ his plea of guilty imposes on the court the duty of inquiring into the inconsistency to de-

termine whether the plea should be withdrawn. United States v Vaughn, 17 USCMA 520, 38 CMR 318 (1968). In this instance the military judge recognized the significance of Juhl's assertions that he did not intend to permanently deprive Holloman of the weapon—an intent to permanently deprive being an essential element of the robbery specification. By the interrogation, the military judge sought to clarify the obvious inconsistency between Juhl's statements and his insistence that he was guilty as charged. The supplemental efforts of the military judge drew from the appellant his acknowledgment that he intended only to deprive Holloman of the weapon. The permanence of the intended deprivation remained undeclared, however. Because the unexplained inconsistency amounts to a negation of robbery, we must reject the plea of guilty to this offense. United States v Roberge, 18 USCMA 157, 39 CMR 157 (1969). But this defect does not extend to the lesser included offenses of wrongful appropriation and assault with a dangerous weapon, and the responses to the judge's questions about the plea are enough to support convictions for these offenses. United States v McVey, 4 USCMA 167, 15 CMR 167 (1954); United States v Calhoun, 5 USCMA 428, 18 CMR 52 (1955).

The specification under Charge V that involves wrongful disposition of the same rifle mentioned in the robbery charge requires only a general criminal intent. United States v Germak, 31 CMR 708 (AFBR 1962); United States v Brown, 8 USCMA 18, 23 CMR 242 (1957). Moreover, wrongful disposition is made out whether the surrender of dominion and control over the property taken is intended to be temporary or permanent. United States v Faylor, 8 USCMA 208, 24 CMR 18 (1957). As to this offense, Juhl made no inconsistent disclosure that requires our holding his plea of guilty to it improvident. We next turn to the question of multiplicity.[1]

This Court has held that, despite apparent differences in the nature of the offenses involved, where two offenses arise out of a single event or integrated transaction they are not separate for punishment purposes. In United States v Brown, 8 USCMA 18, 20, 23 CMR 242 (1957), the pledging of a Government-owned parka by the accused as security for the payment of a debt was charged as both wrongful disposition and larceny. Holding that wrongful disposition and larceny were multiplicious for sentencing purposes in these circumstances, the Court stated that "[W]hen a single act violates both Articles, it was not intended that the offender be subjected to two punishments."

In United States v Murphy, 18 USCMA 571, 572, 40 CMR 283 (1969), the accused obtained vests from a Government warehouse and turned them over to a Korean national. This "single integrated transaction" caused charges similar to the ones in Brown, supra, to be treated as one for purposes of punishment.

In the instant case, the United States Navy Court of Military Review found that there was a substantial hiatus between the time of the taking of the rifle and the time of its disposition and that the two offenses were separate here. We agree.

Considering that Juhl's plea of guilty is entirely provident as to the lesser included offenses of assault with a deadly weapon and wrongful appropriation, that his pleas to other serious offenses were provident, and that the approved sentence is a small fraction of the maximum imposable, we conclude that no harm resulted from the appellant's improvident plea of guilty to one of the robbery specifications. Article 59(a), Uniform Code of Military Justice, 10 USC § 859.

---

[1] Our holding above requires that we recast the second issue to test for multiplicity of wrongful appropriation and wrongful disposition.

We affirm only the part of the findings of guilty of robbery that finds the appellant committed assault with a deadly weapon and wrongful appropriation. As thus modified, the decision of the United States Navy Court of Military Review is affirmed.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

I agree that the accused's plea of guilty to the charge of robbery must be held improvident (United States v Roberge, 18 USCMA 157, 39 CMR 157 (1969)) and that, under the circumstances of this case, we may affirm the lesser included offenses of wrongful appropriation and assault with a dangerous weapon. (United States v Calhoun, 5 USCMA 428, 18 CMR 52 (1955).) However, I do not agree that in this case the offenses of wrongful appropriation and wrongful disposition are separate for purposes of punishment. United States v Murphy, 18 USCMA 571, 40 CMR 283 (1969).

In *Murphy,* that accused and one Private First Class McGarry were solicited by a Korean national to obtain property from a Government warehouse and turn it over to him. Utilizing a truck, they went to the warehouse where they picked up one hundred forty-five flak vests for Kim (the Korean). Kim joined them after they left the warehouse in their truck. The vests were delivered to a point near Uchon and there unloaded. At this time, all of the parties involved were apprehended by the military police. Murphy pleaded guilty to one specification each of larceny of fragmentation vests and wrongful disposition of the same vests, in violation of Articles 121 and 108, Uniform Code of Military Justice, 10 USC §§ 921 and 908, respectively. In a per curiam opinion we unanimously held that the procurement and the delivery of the Government property by Murphy was *a single integrated transaction.* We went on to state at page 572:

". . . In these circumstances, the offenses were single for the pur-

pose of punishment. United States v Payne, 12 USCMA 455, 31 CMR 41 [1961]; see also United States v Brown, 8 USCMA 18, 23 CMR 242 [1957]."

In the case at bar, the accused testified that he took Holloman's rifle only to keep the latter from shooting him when he left his sentry post. He did not intend to keep it permanently. His acknowledgment, that he only intended to *temporarily* deprive Holloman of the use and benefit of his rifle, was the basis for our finding that his plea of guilty to a charge of robbery was improvident. After taking the rifle, the accused, in furtherance of his plan to hold the rifle only temporarily, "left it in an open spot" by the side of a road where "it could have been found by anyone." The singleness of purpose in the taking and disposal of the rifle is obvious and brings this case within the ambit of the *single integrated transaction* found in United States v Murphy, supra. In such circumstance, the offenses are single for purpose of punishment. The existence of a *substantial* hiatus between the taking and the disposition of the rifle, found by the Court of Military Review and utilized by it and by Judge Darden as a basis for holding the two offenses separate, is not apparent from the record and, in any event, is certainly less than that in *Murphy,* as noted by the above recitation of the facts in these cases. In United States v McClary, 10 USCMA 147, 27 CMR 221 (1959), cited by the Court of Military Review, the hiatus was one and two days respectively on the two separate charges of larceny and two charges of wrongful disposition. Clearly, *McClary* is not applicable in this case.

Despite my belief that the two charges were not separate for purposes of punishment, I do not believe that the accused was prejudiced inasmuch as the maximum confinement at hard labor for wrongful disposition was five years and for wrongful appropriation only six months.

I join in affirming only the part of the findings of guilty of robbery that

finds the accused committed an assault with a deadly weapon and wrongfully appropriated property of the United States Government. As thus modified, I join in affirming the decision of the Court of Military Review.

QUINN, Chief Judge (dissenting):

The evidence as to the robbery in issue could reasonably support a conviction if the case had been contested. Since the accused and his counsel persisted in a plea of guilty after full consideration of the accused's version of the facts and with full understanding of the legal effect of that version, I am satisfied the plea was not inconsistent "with the acknowledged facts" and could properly be accepted, despite the accused's "personal belief" that his conduct did not spell out the offense. United States v Butler, 20 USCMA 247, 43 CMR 87 (1971); North Carolina v Alford, 400 US 25, 27 L Ed 2d 162, 91 S Ct 160 (1970). I would affirm the decision of the Court of Military Review.