UNITED STATES, Appellee

v

MARVIN WOODLEY, Private First Class,

U. S. Army, Appellant

20 USCMA 357, 43 CMR 197

Captain John D. Lanoue argued the cause for Appellant, Accused. With him on the brief were Colonel George J. McCartin, Jr., Captain Thomas R. Maher, and Captain William W. Rittenhouse.

Captain Charles T. Frew, III, argued the cause for Appellee, United States. With him on the brief were Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway, Captain Mark Rosenberg, and Captain Benjamin G. Porter.

## Opinion of the Court

DARDEN, Judge:

Tried by a special court-martial before a military judge alone, the appellant was convicted of failing to obey the order of a noncommissioned officer and assault on the same person with a dangerous weapon, a grenade. The sentence of a bad-conduct discharge, confinement at hard labor for five months, forfeiture of $40.00 per month for the same period, and reduction in grade remained unchanged throughout earlier appellate review. The issue to be considered in this opinion is whether Woodley's testimony rendered his pleas of guilty to both charges and specifications improvident.

After Woodley entered his pleas, the military judge questioned him about his understanding of the offenses. He admitted to the military judge that he had been present on Fire Support Base Rakkasan, Republic of Vietnam, on or about October 21, 1969, as charged, and that he came into contact with Sergeant Cooper, who told him to report to the ammunition detail that he had worked on before. The appellant replied that he did not have to do anything that he did not want to do. Woodley said he was uncertain why he made this statement, for he was not ill and knew he had a duty to obey the Sergeant's order. He then informed the military judge that after the Sergeant repeated the order twice within a period of approx-

imately five minutes he "started back" in compliance with the order.

Turning next to the assault charge, the military judge elicited from the appellant his acknowledgment that on the same day and at the same Fire Support Base he had offered to do bodily harm to the Sergeant by pulling the pin of an M-26 fragmentation grenade and waving the grenade at the Sergeant, that this offer was with unlawful force and violence, and that the grenade was likely to produce grievous bodily harm. When asked to explain in his own words the circumstances giving rise to this charge, Woodley replied:

"ACCUSED: Well, after Sergeant Cooper had told me the third time to report to the detail, there was an argument between him and I, and I turned around and walked up the hill and Sergeant Cooper said to me to go ahead and pull the bayonet, which I had out and was wearing all day that day. And I just kept walking and I reached in my pocket and pulled out a grenade and took the pin out and started waving it."

Later, however, the appellant denied having waved the grenade, saying that his previous contradictory assertion was incorrect. He informed the military judge that he held the grenade in one hand and the pin in the other and that he acted blindly and on the spur of the moment.

Woodley's testimony unmistakably shows that although he was resentful and he acted after some brief delay, he did begin to comply with Sergeant Cooper's order. Not every order requires immediate action. Showing of a delayed compliance with some order may be enough to overturn a disobedience conviction. United States v Clowser, 16 CMR 543 (AFBR 1954); United States v McCrimmon, 15 CMR 726 (AFBR 1954).

Given the opportunity, prosecution in this case might well have introduced enough evidence to satisfy the military judge beyond a reasonable doubt that Woodley disobeyed the Sergeant's order as charged. But that is an issue of proof. This record shows the appellant gave a statement that he had taken steps to carry out the order given him. If delay of some length is permissible, and case law supports this view, Woodley's testimony is a disavowal of his guilty plea, and this makes his plea to this charge improvident. We so hold. Article 45, Uniform Code of Military Justice, 10 USC § 845; United States v Roberge, 18 USCMA 157, 39 CMR 157 (1969).

In contrast, nothing in the appellant's testimony conflicts with his plea to the aggravated assault charge. Although he denied waving the grenade, he admitted that he took it from his pocket, pulled the pin, and held the former in one hand, the latter in the other. The two faced each other until Woodley finally turned and walked away. This "offer" constitutes the core of the assault specification. To it and the accompanying charge, his plea of guilty was provident.

Accordingly, the finding of guilty as to Charge I and its specification is set aside. To that extent the decision of the United States Army Court of Military Review is reversed and the record of trial is returned to the Judge Advocate General of the Army. The Court of Military Review may reassess the sentence on the basis of the remaining finding of guilty or a rehearing may be ordered.

Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):

I would sustain the providence of the plea of guilty to both charges.