UNITED STATES, Appellee,

v.

Private First Class David W. HUNT, SSN 192–44–2049, United States Army, Appellant.

CM 437635.

U. S. Army Court of Military Review.

22 Aug. 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Captain James H. Weise, JAGC, Major D. David Hostler, JAGC, and Major Lawrence D. Galehouse, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Robert D. Newberry, JAGC, and Captain Paul K. Cascio, JAGC, were on the pleadings for appellee.

Before JONES, CLAUSE and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

In accordance with his plea, appellant was convicted of attempted robbery in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880. He was sentenced to a bad-conduct discharge, confinement at hard labor for nine months, forfeiture of $175.00 pay per month for nine

months, and reduction to the lowest enlisted grade. The convening authority approved the sentence but suspended the bad-conduct discharge with provision for automatic remission.

The appellant related to the military judge the facts which constituted the basis for the offense. At approximately 2300 hours on 24 June 1978, the appellant and four companions surrounded three soldiers who were walking to their barracks. One of appellant's companions threatened the victims that if they refused to give up their money they would be taken into the nearby woods and searched. The victims were able to escape. The appellant stated that he and his companions would have kept whatever money they found, had their efforts been successful.

■ We are first concerned about the sufficiency of the specification to allege the offense of attempted robbery. The specification alleges that the appellant attempted to steal money, the property of the victims, by means of force and violence and putting them in fear and against their wills, but the specification fails to allege that the attempted taking was from the person or the presence of the victims. A taking from the person or presence of the victim is a necessary element of the offense of robbery and that element must be alleged in the specification. *United States v. Rios*, 4 U.S.C.M.A. 203, 15 C.M.R. 203 (1954). Similarly, an attempted robbery specification must also include an allegation of an attempted taking from the person or presence of the victim. *United States v. Wright*, 35 C.M.R. 546 (A.B.R.1964), *pet. denied* 35 C.M.R. 478 (1964).

During the providency inquiry into the guilty plea, the military judge properly advised the appellant of the elements, including the element that the taking must be from the person or presence of the victims. The Government argues that the allegation of the use of force and violence, coupled with the proper enumeration of the elements by the military judge, is sufficient to apprise the appellant of what he must defend against and to protect him from further jeopardy. The Government correctly points out that all parties at the trial understood the charge to be one of attempted robbery and that the appellant did not at any time challenge the specification.

■ Notwithstanding the Government's assertions, we agree with appellant that the specification is defective. Furthermore, that deficiency in failing to allege a necessary element of the offense cannot be waived by appellant's plea of guilty or by his admission during the guilty plea inquiry that the attempted taking was from the person or presence of the victim. *United States v. Petree*, 8 U.S.C.M.A. 9, 23 C.M.R. 233 (1957). *Cf. United States v. Goudeau*, 44 C.M.R. 438 (A.C.M.R.1971); *United States v. Wheeler*, 27 C.M.R. 888 (N.B.R. 1959). Nor can such element be inferred from other language in the specification such as the averment that the taking was by force and violence and putting the victim in fear, or that it was against the will of the victim. *United States v. Rios, supra.* Accordingly, we hold that the specification fails to state the offense of attempted robbery.

■ We must now determine whether the specification is sufficient to state any other offense. We agree with appellant that the offense of attempted larceny is made out. There is the allegation that appellant attempted to steal money of some unspecified value, the property of the victims. That is sufficient. *United States v. Goudeau, supra.* That does not end the matter, however, as we are confronted with the providence of appellant's plea of guilty.

The appellant relies on *United States v. Harden*, 1 M.J. 258 (C.M.A.1976), in arguing that his plea of guilty was improvident. He states that he misapprehended the maximum punishment in that the maximum for attempted robbery included a dishonorable discharge and confinement at hard labor for ten years whereas the maximum for attempted larceny of money of some value included only a bad-conduct discharge and confinement at hard labor for six months. This discrepancy in punishment, on the

magnitude of the difference in *Harden*, is fatal, he asserts. We find appellant's reliance on the narrow holding in *Harden* misplaced.

The *Harden* decision concerned only a misapprehension of the maximum punishment based upon multiplicity of the offenses for sentencing. It did not involve a misapprehension of the offenses themselves. Our review of the providence of appellant's plea must encompass both misapprehension of the offenses and misapprehension of the maximum authorized punishment. *United States v. Turner*, 18 U.S.C.M.A. 55, 39 C.M.R. 55 (1968); *United States v. Windham*, 15 U.S.C.M.A. 523, 36 C.M.R. 21 (1965).

In the instant case the appellant was arraigned and called upon to plead to the offense of attempted robbery. The parties apparently thought the specification alleged attempted robbery; the appellant intended to and did plead guilty to attempted robbery; and the facts elicited by the military judge in his inquiry fully supported a finding of guilty of that offense. The military judge accepted the plea and entered findings accordingly.

A plea of guilty to the complex offense of attempted robbery necessarily includes a plea of guilty to its lesser included offenses and where, as here, the guilty plea inquiry affirmatively establishes the elements of a lesser included offense, a finding in accordance with such plea may be entered. *See United States v. Juhl*, 20 U.S.C.M.A. 327, 43 C.M.R. 167 (1971); *United States v. Goudeau, supra; United States v. Smith*, 19 C.M.R. 422 (A.B.R.1958), *pet. denied*, 20 C.M.R. 398 (1955). Although appellant misapprehended the sufficiency of the specification to allege attempted robbery, he did not misapprehend that his plea included a plea to attempted larceny.

The military judge correctly advised the appellant of the maximum punishment for attempted robbery and the appellant had no misapprehension regarding that advice.

However, because of the failure of the military judge to advise the appellant that the specification stated only a lesser included offense, the appellant was unaware of the maximum punishment to which he was subjecting himself.

The restricted holding in *Harden*, does not require a mechanical measure of the quantitative difference between the correct maximum punishment and that announced at trial to be the determinative factor in evaluating the prejudicial impact of an accused's misapprehensions. We need only turn to *Windham*, the case cited by the Court in *Harden* as the basis for its decision, to find that not every misapprehension regarding the nature of an offense or the maximum authorized punishment requires reversal. Only prejudice of a substantial degree may justify reversal of the findings and sentence upon appeal.

The misadvice by the military judge and the misapprehension by the appellant as to the specification resulted in prejudice. In such a situation, this Court and the Court of Military Appeals have applied remedies ranging from setting aside the findings and sentence and authorizing a rehearing to reassessment of sentence. *See United States v. Harden, supra; United States v. Zemartis*, 10 U.S.C.M.A. 353, 27 C.M.R. 427 (1959); *United States v. Juhl, supra; United States v. Goudeau, supra; United States v. Smith, supra*. We do not find the prejudice here to be so substantial as to require the ultimate remedy of reversal. We are convinced that appellant pleaded guilty to the lesser included offense and that the only question remaining is one of punishment. We can cure the prejudice by corrective action at this level. We think that appropriate rather than a rehearing.*

Only so much of the findings of guilty of the charge and its specification as finds that the appellant did at the time and place alleged attempt to steal money, the property of the victims alleged, in violation of Article 80, Uniform Code of Military Justice

---

* Pursuant to Article 59(b), Uniform Code of Military Justice, 10 U.S.C. § 859(b), this Court has authority to affirm so much of the findings as includes a lesser included offense.

is affirmed. Reassessing the sentence on the basis of the error, the Court affirms only so much of the sentence as provides for bad-conduct discharge (suspended for six months effective 13 November 1978 with provision for automatic remission), confinement at hard labor for four months, forfeiture of $175.00 pay per month for four months, and reduction to Private E–1.

Judge LEWIS concurs. Judge CLAUSE not participating.