**UNITED STATES, Appellee,**

v.

**Private (E–2) Susanna STENER, SSN 302–64–9201, United States Army, Appellant.**

**CM 441640.**

U. S. Army Court of Military Review.

23 Dec. 1982.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

The appellant pled guilty to possession and importation of cocaine and marihuana in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). All offenses were alleged under the first two clauses of Article 134 of the Code. We find the pleas of guilty improvident and reverse.

During the plea inquiry the appellant admitted possessing and bringing the substances into Germany from the Netherlands, but refused to admit that her conduct was service discrediting or prejudicial to good order and discipline. Therefore, the military judge rejected her pleas as improvident and recessed the court. The court reconvened approximately six weeks later, at which time a different military judge was presiding. The substitute judge informed the parties that he believed his predecessor had erroneously rejected the proffered pleas of guilty. After a short recess the appellant again tendered pleas of guilty. During the ensuing plea inquiry the military judge questioned the appellant as follows:

MJ: Now I understand that you had some difficulty before with the concept of the final element of each of the offenses to which you're pleading guilty, that being as to whether or not that conduct would be to the prejudice of good order and discipline in the Armed Forces...

ACC: Yes, I did, sir.

MJ: .. or of such a nature as it could tend to bring discredit on the Armed Forces. Now you understand that that, like many other elements of an offense can be proved by facts and circumstances. The possession of these substances is what is called a general intent crime. It doesn't require any belief on your part as to the rightness

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Captain David M. England, JAGC, and Captain William T. Wilson, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Major Rexford T. Bragaw, III, JAGC, were on the pleadings for appellee.

974

or wrongness of a particular act. It's just that you understand that it is a violation of the law. Do you understand that?

ACC: Yes, I do, sir.

MJ: And you understand how some .. how the law could deem that that conduct would be to the prejudice of good order and discipline in the Armed Forces?

ACC: Yes, sir.

MJ: And how they .. it could tend to bring discredit on the Armed Forces ... if people knew that you were a member of Armed Forces in possessing these substances. Do you understand how that could tend to some people to bring discredit on the Armed Forces?

ACC: Yes, sir.

No further inquiry was made. At no time did the appellant disavow or explain her earlier refusal to admit that she did not consider her conduct to be service discrediting or prejudicial to good order and discipline. At most, she admitted only that "some people" might believe that such conduct was service discrediting.

 We find the pleas improvident. A plea of guilty is not provident unless an accused is willing to admit all essential elements of the offense. Article 45, Uniform Code of Military Justice, 10 U.S.C. § 845; *United States v. Thompson,* 21 U.S.C.M.A. 526, 528, 45 C.M.R. 300, 302 (1972); *United States v. Roberge,* 18 U.S.C.M.A. 157, 39 C.M.R. 157 (1969). An accused must believe that he or she is guilty of the offense alleged. *United States v. Davenport,* 9 M.J. 364, 367 (C.M.A.1980). An essential ele-

ment of a violation of the first or second clauses of Article 134 is that the conduct is either prejudicial to good order and discipline or service discrediting. *United States v. Williams,* 8 U.S.C.M.A. 325, 24 C.M.R. 135 (1957). *See generally* Hagan, *The General Article—Elemental Confusion,* 10 Mil.L. Rev. 63 (Oct. 1960). It is not necessary that an accused explain how an offense is prejudicial to good order and discipline or is service discrediting. *United States v. Arrington,* 5 M.J. 756 (A.C.M.R.), *pet. denied,* 6 M.J. 46 (C.M.A.1978). However, it is necessary that he or she admit that the conduct alleged is prejudicial to good order and discipline or service discrediting. Although the appellant was willing to admit that she did the acts alleged, she was unwilling to admit an essential element of the offense, i.e., that those acts, under the circumstances, were prejudicial to good order and discipline or service discrediting. Accordingly, we hold that her pleas of guilty were improvident.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge O'DONNELL and Judge WERNER concur.