UNITED STATES, Appellee,

v.

Specialist Four (E–4) Willie J. BANKS, SSN 243–02–3330, United States Army, Appellant.

CM 442153.

U. S. Army Court of Military Review.

14 Feb. 1983.

the findings and sentence because of the illegal

Colonel William G. Eckhardt, JAGC, Colonel Edward S. Adamkewicz, Jr., JAGC, Captain David M. England, JAGC, and Captain William T. Wilson, JAGC, were on the pleadings for the appellant.

Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Captain Thomas E. Booth, JAGC, were on the pleadings for the appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

OPINION OF THE COURT

FOREMAN, Judge:

Contrary to his pleas, the appellant was convicted, *inter alia,* of disrespect toward a superior commissioned officer, willful disobedience of a superior commissioned officer, and wrongful disposition of military property of the United States, in violation of Articles 89, 90 and 108, Uniform Code of Military Justice, 10 U.S.C. §§ 889, 890 and 908 (1976).

■ The appellant contends that the disrespect and disobedience offenses were multiplicious for findings, because the order was disobeyed in a disrespectful manner. We disagree. The evidence of record establishes that the disrespectful conduct occurred after the appellant had already disobeyed the order. Accordingly, we hold that the disrespect and disobedience were separate offenses for findings.

■ This Court specified the issue whether the evidence of wrongful disposition of military property was sufficient in light of evidence that the recipient of the property was a covert government agent, Staff Sergeant Camacho. Camacho became an informant for Special Agent Simone, a member

searches.

of the U.S. Army Criminal Investigation Command, in November or December 1980. In February or March 1980, Simone stopped giving Camacho assignments because of Camacho's unwillingness to work within the guidelines Simone had given him. In May of 1981, Camacho told Simone that the appellant was selling military clothing and equipment. Simone told Camacho that he would contact him once he decided what to do. However, Simone did not contact Camacho again. Nevertheless, Camacho considered himself an informant and believed that he was expected by Simone to accept military property if the appellant offered it to him. Shortly thereafter, the appellant gave Camacho some military clothing and equipment and told him to sell it in New York City for $200.00. The appellant now argues that no "disposition" of military property occurred because Camacho was a government agent and the property never was out of government control.

We find the evidence of wrongful disposition sufficient to support the findings of guilty. We need not decide whether Camacho was a government agent, because his status as such would not provide the appellant a defense. Article 108 prohibits "the unauthorized surrender of the use of, the control over, or the ostensible title to, military property." *United States v. Faylor,* 8 U.S.C.M.A. 208, 209, 24 C.M.R. 18, 19 (1957). It makes no difference whether the surrender is permanent or temporary. The fact that Camacho may have been acting lawfully when he received the property is immaterial, since Article 108 "is not concerned with improper receipt of military property, but with its improper disposition." *Id.* In this case the appellant was not authorized to give the property to Camacho. We conclude that the appellant's unauthorized surrender of control over military property of the United States was sufficient to constitute the offense, notwithstanding the fact that Camacho may have been authorized to accept it in his capacity as an informant.

The findings of guilty and the sentence are affirmed.

Senior Judge O'DONNELL and Judge WERNER concur.