**UNITED STATES**

v.

**Captain Terrance JOYCE, 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 FV, United States Air Force.**

**ACM 25339.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 21 Feb. 1986.

Decided 25 Aug. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Lieutenant Colonel Patrick C. Sweeney.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Donal F. Hartman, Jr.

Before HODGSON, FORAY and MICHALSKI, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

There is no dispute as to the facts. The appellant was the disaster preparedness officer at Incirlik Air Base, Turkey and upon his reassignment to the United States he shipped, as a part of his hold baggage, a considerable quantity of military property. The property was discovered when he arrived at Little Rock Air Force Base and resulted in allegations of larceny and wrongful disposition of military property. He was acquitted of the former but convicted of the latter and sentenced to a dismissal and a reprimand.

The sole issue before us is the correctness of the following instruction given by the trial judge, who after listing the elements of the offense of wrongfully disposing of military property, stated:

> You are further advised as a *matter of law* in this case, if the accused placed or caused to be placed in his hold baggage for shipment pursuant to PCS orders military property of the United States, then *he disposed of that property without authority* within the meaning of [the previous stated] elements. (Emphasis added).

The judge based the instruction on his interpretation of Volume I of the Joint Travel Regulations and Air Force Regulation 75–25, *Movement and Storage of Personal Property*, 9 July 1976. He did not, however, further identify those provisions that supported his ruling.

Historically, the wrongful disposition of military property went beyond a sale and included "any unauthorized pledge, barter, exchange, loan, or gift of public property." Winthrop, *Military Law and Precedents*, 2d ed, 1920 Reprint, page 708. *See also* MCM 1951, paragraph 187c. The Court of

Military Appeals in *United States v. Faylor*, 8 U.S.C.M.A. 208, 24 C.M.A. 18 (1957), further expanded the scope of Article 108, 10 U.S.C. § 908 by holding that an unauthorized abandonment of the military property is a disposition within the meaning of the Article. Recognizing that Article 108 may be construed broadly, the prosecution bottomed its case against the appellant on the theory that releasing military property to a common carrier for shipment albeit under a government bill of lading, amounted to a wrongful disposition of such property. *But cf. United States v. Calvino*, 37 C.M.R. 730 (N.B.R.1967) (Use of military property by a thief does not establish wrongful disposition). The pivotal issue at trial was whether the appellant's actions constituted a disposal of the property.

It appears to us that under these conditions it would behoove the military judge to instruct the members on the meaning of the term "dispose of." We have been unable to find a definition of this term in either Article 108, MCM 1984 or the Military Judge's Benchbook. However, the Judicial Council in *United States v. Stephens*, 2 CMR(AF) 417 (1949), held that the words "dispose of property" as used in Article of War 94, on which Article 108 of the Code, is based, meant to alienate, sell or transfer property, and not simply to put it in place, arrange or manage it. This appears to be too restrictive a definition in light of *United States v. Faylor, supra*. Accordingly, it is our opinion that "dispose of" may be understood to mean relinquish, part with, or get rid of. *See* Black's Law Dictionary, Fifth edition, page 423.

Members at trial were not instructed on the meaning of the crucial term "dispose of." Instead, they were told that the appellant's actions in shipping the items amounted to, as a *matter of law, disposing of military property without authority*. This instruction was tantamount to a directed verdict of guilty—a practice not permitted in military law. *United States v. Swain*, 8 USCMA 387, 24 C.M.R. 197 (1957). Later, the trial judge quite properly advised the members that mistake of

fact was a defense available to the appellant and gave them the correct standard to apply. However, this correct instruction did not overcome the prejudice created by the earlier erroneous one. *See United States v. Mack*, 40 C.M.R. 700 (A.C.M.R. 1969). The prosecution's theory of criminality was unusual and centered on the meaning of the term "dispose of." Hence, the trial judge should have defined that term for the members and allowed them apply it to the factual setting. Since the instruction was prejudically incorrect, the conviction for wrongfully disposing of military property cannot stand. The findings of guilty and the sentence are set aside. A rehearing may be ordered.

Senior Judge FORAY and Judge MICHALSKI concur.