**UNITED STATES, Appellee,**

v.

**Robert E. HOLLAND, Sergeant, U.S. Marine Corps, Appellant.**

No. 56,316.

NMCM 86 2146.

U.S. Court of Military Appeals.

Sept. 28, 1987.

For Appellant: *Lieutenant Commander J.J. Quigley, JAGC, USN* and *Lieutenant M.A. Hammond, JAGC, USNR.*

For Appellee: *Captain Wendell A. Kjos, JAGC, USN* and *Lieutenant Thomas J. Seaton, JATC, USNR.*

*Opinion of the Court*

PER CURIAM:

On February 24, 1986, appellant was tried by special court-martial, military judge alone, for one specification each of wrongful disposition of government property and larceny of that property, in violation of Articles 108 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 908 and 921, respectively. On his pleas of guilty, he was convicted of both offenses and sentenced to be confined for 5 months, reduced to the lowest enlisted pay grade, and separated with a bad-conduct discharge. The convening authority approved the sentence, and the Court of Military Review affirmed.

We granted appellant's petition to consider the following issue raised by appellate defense counsel:

> WHETHER THE MILITARY JUDGE ERRED BY FINDING APPELLANT'S PLEA TO CHARGE I AND ITS SOLE SPECIFICATION (WRONGFUL DISPOSITION OF MILITARY PROPERTY) PROVIDENT.

During the providence inquiry, appellant admitted that he had stolen two engines for a truck that was to be phased out of the Government's inventory. He had loaded the engines in his truck and carried them to the Naval Weapons Station, Fallbrook, California, where he stored them in a government warehouse.[1] He stated that he had intended to return and remove the engines from the warehouse because his ultimate plan was to place one engine in a personal vehicle and dispose of the other in some unspecified manner. However, to assist him in the larceny, appellant had used a junior Marine, who, upon his return to his place of duty, reported the matter. Appellant was questioned immediately and was ordered to return the engines, which he did.

---

1. While it is not clear from the record, we note that Naval Weapons Station, Fallbrook, California, is near Marine Corps Base, Camp Pendleton, the situs of the larceny and trial.

At no point did appellant relinquish control of the engines or otherwise abandon them.

To commit the offense of wrongful disposition of military property, an accused must have "sold or *otherwise disposed* of certain property," Part IV, para. 32(b)(1)(a), Manual for Courts-Martial, United States, 1984 (emphasis added). In *United States v. Faylor*, 8 U.S.C.M.A. 208, 209, 24 C.M.R. 18, 19 (1957), we held that Article 108 was "directed against the unauthorized surrender of the use of, the control over, or the ostensible title to, military property."

Under military law, "disposition" is broader than sale. W. Winthrop, *Military Law and Precedents* 708–09 (2d ed. 1920 Reprint). General Snedeker, writing contemporaneously with the adoption of the Code, indicates that the word connotes some form of alienation of the property from the Government by the accused. J. Snedeker, *Military Justice Under the Uniform Code* § 3502f (1953). Early Manuals for Courts-Martial also speak in terms of sale or other alienation of the property. *See, e.g.*, para. 144a, Manual for Courts-Martial, U.S. Army, 1928.

The plain meaning of the term "dispose of" is "[t]o exercise finally, in any manner, one's power of control over; to pass into the control of someone else; ... or get rid of." The word "disposal" is defined as: "[t]o exercise control over; to direct or assign for a use; to pass over into the control of someone else." Black's Law Dictionary 423 (5th ed. 1979). While appellant intended "to get rid of" at least one of the engines and convert the other to his own use, he did not succeed. He retained

at least a possessory interest or some form of control over them. Except for the brief period used to transport them, the engines remained in a government building. Consequently, he did not dispose of the property.[2]

We conclude that the conviction for wrongful disposition cannot stand. Since the military judge treated the offenses as unitary for purposes of punishment, we are satisfied that appellant has suffered no substantial prejudice as to sentence. *Cf. United States v. Fox*, 10 M.J. 176 (C.M.A. 1981).

The decision of the United States Navy-Marine Corps Court of Military Review as to Charge I and its specification is reversed. The findings of guilty thereon are set aside, and that Charge and its specification are dismissed. In all other respects, the decision below is affirmed.

SULLIVAN, Judge (dissenting):

Originally, the engines were in the warehouse where the Government knew they were located, so it controlled them there. Appellant moved these engines to a second government warehouse where they were hidden from the Government; there, it exercised no control over them. I have no doubt that this conduct was a disposition under *United States v. Faylor*, 8 U.S.C.M.A. 208, 209, 24 C.M.R. 18, 19 (1957). Accordingly, the conviction for wrongful disposition of government property was entirely proper. I dissent from the decision to the contrary.

2. When appellant raised this error below, the arguments focused on the fact that the Government recovered the engines. To the extent that recovery of the property is consistent with the commission of wrongful disposition, the Court of Military Review was correct in affirming his conviction for the offense. However, since appellant did not dispose of the engines, recovery is not material to our decision.