UNITED STATES, Appellee,

v.

Private First Class James R. CHAMBERS, 587–68–6378, United States Army, Appellant.

ACMR 9000385.

U.S. Army Court of Military Review.

5 Nov. 1990.

For Appellant: Captain Deborah C. Olgin, JAGC.

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC.

Before JOHNSON, WERNER and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

Pursuant to his pleas, the appellant was convicted of absence without leave, two specifications of disrespect to a superior commissioned officer, disobedience of a superior commissioned officer, disrespect to a superior noncommissioned officer, and drunk and disorderly conduct, in violation of Articles 86, 89, 90, 91 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 889, 890, 891, and 934 (1982) [hereinafter UCMJ]. The appellant was sentenced to a dishonorable discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority approved the sentence but sus-

pended the confinement in excess of eight months for eight months.

At issue is whether the appellant's plea of guilty to Specification 3 of Charge VI, drunk and disorderly conduct, was provident. We hold that it was not.

The government charged, *inter alia*, the appellant with service-discrediting drunk and disorderly conduct under Article 134, UCMJ, using the following specification:

[i]n that Private First Class James R. Chambers, U.S. Army, Headquarters and Headquarters Company/Materiel Management Center, Division Support Command, Fort Riley, Kansas, was at Fort Riley, Kansas, on or about 1 November 1989, drunk and disorderly, which conduct was of a nature to bring discredit upon the armed forces.

In entering a plea of guilty to drunk and disorderly conduct, the appellant excepted the words "which conduct was of a nature to bring discredit upon the armed forces." During the providence inquiry, the military judge described the elements of the offense to the appellant as follows:

[t]hen we move on and next talk about Specification 3 of Charge VI. Here, we are talking about an allegation of your being drunk and disorderly, and there is one element here, and that is:

That at Fort Riley, Kansas, on or about the first of November 1989, you were drunk and disorderly.

In giving this advice, the military judge failed to inform the appellant of an essential element of the offense: that his conduct was prejudicial to good order and discipline.

## I.

■ To constitute an offense under one of the first two clauses of Article 134, UCMJ, the conduct must *either* be service-discrediting *or* be prejudicial to good order

and discipline. *United States v. Williams*, 24 C.M.R. 135 (C.M.A.1957); *United States v. Stener*, 14 M.J. 972 (A.C.M.R.1982).

Manual for Courts–Martial, United States, 1984, Part IV, paragraph 73b [hereinafter MCM, 1984] states the two elements of the offense of drunk and disorderly conduct:

(1) [t]hat the accused was drunk, disorderly, or drunk and disorderly on board ship or in some other place; and

(2) [t]hat, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

■ Before accepting a plea of guilty, the military judge must, during the providence inquiry, explain to the accused each element of the offense and obtain his admission of sufficient facts to establish every element charged. MCM, 1984, Rule for Courts–Martial 910(e); *United States v. Care*, 40 C.M.R. 247 (C.M.A.1969); *United States v. Hitchman*, 29 M.J. 951 (A.C.M.R. 1990); *Stener*, 14 M.J. at 972.

■ MCM, 1984, Part IV, paragraph 73e permits enhanced punishment for drunk and disorderly conduct if the government *pleads* and proves that the conduct was service-discrediting.[1] MCM, 1984, Part IV, paragraph 73c(3) recognizes the unique nature of the pleading requirement for this particular offense:

(3) *Service discrediting.* Unlike most offenses under Article 134, "conduct of a nature to bring discredit upon the armed forces" must be included in the specification and proved in order to authorize the higher maximum punishment when the offense is service discrediting.

## II.

■ When the appellant refused to admit that his conduct was service-discredit-

---

**1.** The difference in the maximum punishment is set forth in MCM, 1984, Part IV, paragraph 73e(3). For drunk and disorderly conduct, the maximum punishment is confinement for three months and forfeiture of two-thirds pay per month for three months. For drunk and disorderly conduct under service-discrediting circum-stances, the maximum punishment is confinement for six months and forfeiture of two-thirds pay per month for six months. These maximum punishments are unchanged from Manual for Courts–Martial, 1969 (Rev. ed.), paragraph 127c.

ing, he was attempting to plead guilty to "simple" drunk and disorderly conduct (under conditions that were not service-discrediting) in order to avoid the sentence-enhancement provisions of MCM, 1984, Part IV, paragraph 73c(3).[2] His plea did not have the effect of eliminating a second element of the offense. Therefore, the military judge should have advised the appellant and obtained his admission that the second element of this Article 134, UCMJ, offense was conduct prejudicial to good order and discipline.[3] As the appellant was neither apprised of this essential element nor admitted to it, his plea of guilty was improvident.

The finding of guilty of Specification 3 of Charge VI is set aside and is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms the sentence.

Senior Judge JOHNSON and Judge WERNER concur.

---

**2.** When the defendant pleads by exceptions, as he did here, the government retains the option of presenting evidence on the merits in an effort to prove the sentence-enhancement language.

**3.** The Military Judge's Benchbook recognizes this requirement in its proposed instruction to court members on the elements of the offense. Dep't of Army, Pam. 27–9, Military Judges' Benchbook, para. 3–140 (C3, 15 Feb. 1989).