UNITED STATES, Appellee,

v.

**Specialist Keith G. GUILLORY, 563–57–6863, United States Army, Appellant.**

**ACMR 9202123.**

U.S. Army Court of Military Review.

2 March 1993.

For Appellant: Colonel Malcolm H. Squires, Jr., JAGC, Captain Victor A. Tall, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Timothy W. Lucas, JAGC (on brief).

Before WERNER, GRAVELLE, and DELL'ORTO, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Senior Judge:

In accordance with his pleas the appellant pled guilty before a military judge sitting as a general court-martial of attempted wrongful possession with intent to distribute cocaine and wrongful use and distribution of cocaine, in violation of Articles 80 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 912a (1982 and Supp.V 1987) [hereinafter UCMJ]. His approved sentence provides for a bad-conduct discharge, confinement for forty-four months, forfeiture of all pay and allowances, and reduction to Private E1.

The appellant contends that his pleas of guilty to the attempted possession offense were improvident as the military judge failed to advise him of the elements of attempt, thereby omitting a fundamental requirement of *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). *See also United States v. Chambers*, 31 M.J. 776 (A.C.M.R.1990). The record clearly supports the appellant's assertion in this regard as the military judge inadvertently failed to recite or discuss the essential elements of attempt listed in the UCMJ and the Manual for Courts–Martial. *See* Manual for Courts–Martial, United States, 1984, Part IV, para. 4b. Nevertheless, we conclude that the appellant's pleas were provident.

The record reflects that the military judge advised the appellant of the elements of the underlying, greater offense of wrongful possession with intent to distribute. Furthermore, the appellant executed a detailed stipulation of fact in which he stated that he agreed to take possession of the drugs for a local supplier who he assumed would sell the drugs in the future. During the providence inquiry, the appellant admitted that he understood the elements of the offense, reaffirmed the truth of the matters contained in the stipulation of fact, and stated that he wished to persist in his pleas of guilty. Hence, though not having been advised of or admitting the elements of attempt to commit the offense, the appellant admitted commission of the offense itself. However, the judge found him guilty only of the offense of attempted wrongful possession of cocaine with intent to distribute as alleged.

In *United States v. Felty*, 12 M.J. 438 (C.M.A.1982), the Court of Military Appeals held that when an accused pleaded guilty to escape from custody, in violation of Article 95, UCMJ, but his answers during the providence inquiry established that he was guilty of escape from confinement in violation of the same provision, there was only a technical variance between the offense alleged and the accused's admissions that did not warrant setting aside the pleas of guilty.

Likewise, in *United States v. Mazur*, 13 M.J. 143 (C.M.A.1982), the court upheld an accused's guilty plea where his in-court responses established involuntary manslaughter under Article 119(b)(2), UCMJ, but he had pleaded guilty to violating Article 119(b)(1).

Finally, in *United States v. Epps*, 25 M.J. 319 (C.M.A.1987), the court upheld the appellant's conviction of larceny even though there was a conflict between the content of a stipulation of fact and the accused's answers to questions propounded by the military judge which tended to establish that he was guilty of a different, but closely related offense of receipt of stolen property.

> While Article 45 [UCMJ] seeks accuracy in pleas of guilty, *Felty* and its progeny establish that, if an accused pleads guilty and then at the providence inquiry, he gives sworn testimony which clearly establishes his guilt of a different but closely-related offense having the same maximum punishment, we may treat that accused's pleas of guilty as provident.

*Id.* at 323; *accord United States v. Wright*, 22 M.J. 25 (C.M.A.1986).

We hold that the appellant's plea of guilty to a charge alleging an attempt to commit an offense may be held provident when his knowing and voluntary admissions during the providence inquiry and in a stipulation of fact clearly establish his guilt of the more serious, underlying offense he is charged with having attempted. To rule otherwise would create an anomalous result since Article 79, UCMJ, provides that, "An accused may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included herein." Furthermore, in view of the fact that there is no difference in the maximum punishment between the two offenses, it would appear that the appellant has suffered no harm from our action. *See United States v. Hunt*, 10 M.J. 222 (C.M.A.1981); *United States v. Castrillon–Moreno*, 7 M.J. 414 (C.M.A.1979).

We have considered the other errors assigned by the appellant including that raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982) and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Judge GRAVELLE and Judge DELL'ORTO concur.