**UNITED STATES**

v.

**Airman First Class Patrick M. FANNING, United States Air Force.**

**ACM S31610.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 12 Dec. 2008.

3 June 2010.

Appellate Counsel for the Appellant: Major Shannon A. Bennett, Major Tiaundra D. Moncrief, and Captain Reggie D. Yager.

Appellate Counsel for the United States: Colonel Douglas P. Cordova, Lieutenant Colonel Jeremy S. Weber, Major Coretta E. Gray, and Gerald R. Bruce.

Before BRAND, JACKSON, and THOMPSON, Appellate Military Judges.

**PER CURIAM:**

In accordance with the appellant's pleas, a military judge found the appellant guilty of two specifications of being absent without leave, one specification of making a false official statement, and one specification of wrongfully using cocaine, in violation of Articles 86, 107, and 112a, UCMJ, 10 U.S.C. §§ 886, 907, 912a. A panel of officer members sitting as a special court-martial sentenced him to a bad-conduct discharge, 90 days of confinement, forfeiture of $600 pay per month for four months, and reduction to the grade of E–1. The convening authority approved the sentence as adjudged.

On appeal, the appellant asks this Court to set aside his findings of guilt on the absence without leave specifications and to order a sentence rehearing. As the basis for his request, the appellant asserts that his guilty pleas to the absence without leave specifications were improvident because the authority who established the appellant's time and

place duty was never identified.[1] Finding no prejudicial error, we affirm the findings and sentence.

### Background

At trial, the appellant pled guilty to, inter alia, failing to go to his appointed place of duty at the appointed time and going from his appointed place of duty without authority. In support of his plea, the appellant testified that on 24 July 2008, he noticed that an unidentified individual with authority assigned him duties to perform on 26 July 2008 at Elmendorf Air Force Base (AFB) Firehouse Number 3.[2] He also testified that on 26 July 2008, he reported late for duty at Elmendorf AFB Firehouse Number 3 and, shortly after arriving, left without authority. In accordance with his pleas, the military judge found the appellant guilty of the two specifications of absence without leave.

### Discussion

 "A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion." *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F.1996) (citing *United States v. Gallegos*, 41 M.J. 446 (C.A.A.F.1995)). An accused may not plead guilty unless the plea is consistent with the actual facts of his case. *United States v. Moglia*, 3 M.J. 216, 218 (C.M.A.1977). An accused may not simply assert his guilt; the military judge must elicit facts "as revealed by the accused himself" to support the plea of guilty. *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002) (quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980)); *see also United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996). To reject a plea, there must be "a 'substantial basis' in law and fact for questioning the guilty plea." *United States v. Yanger*, 67 M.J. 56, 57 (C.A.A.F.2008) (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991)).

The elements for failing to go to an appointed place of duty are:

(a) That a certain authority appointed a certain time and place of duty for the accused;

(b) That the accused knew of that time and place; and

(c) That the accused, without authority, failed to go to the appointed place of duty at the time prescribed.

*Manual for Courts–Martial, United States (MCM)*, Part IV, ¶ 10.b.(1) (2008 ed.). The elements for going from an appointed place of duty are:

(a) That a certain authority appointed a certain time and place of duty for the accused;

(b) That the accused knew of that time and place; and

(c) That the accused, without authority, went from the appointed place of duty after having reported at such place.

*MCM*, Part IV, ¶ 10.b.(2).

 The appellant contends that an individual cannot be found guilty of failing to go to one's appointed place of duty and going from one's appointed place of duty unless the identity of the appointing authority is established, yet he cites no basis for his position. Nor are we able to discern a basis, under statute or case law, for such a requirement. In addressing this issue, we must determine whether the identity of the appointing authority is an essential element of proof of absence without leave offenses. A guilty plea is not provident unless the accused is willing to admit, and does in fact admit, all the essential elements of the offense. *United States v. Stener*, 14 M.J. 972, 974 (A.C.M.R.1982) (citing Article 45, UCMJ, 10 U.S.C. § 845; *United States v. Thompson*, 45 C.M.R. 300, 302, 1972 WL 14181 (C.M.A. 1972); *United States v. Roberge*, 39 C.M.R. 157, 1969 WL 5935 (C.M.A.1969)).

 As a matter of first impression, we find that the appointing authority's identity is not an essential element for the aforemen-

---

1. This assignment of error is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

2. During the providency inquiry, the appellant testified that although he did not know who created the duty roster assigning him duty at Elmendorf Air Force Base Firehouse Number 3 on 26 July 2008, whoever created the duty roster had the authority to assign him duties.

**548**

tioned absence without leave offenses. Since time immemorial, these offenses have required only that a *certain authority* appointed a certain time and place of duty for the accused, not a *certain named authority*.[3] In the case sub judice, the providency inquiry clearly establishes a basis in law and fact for accepting the appellant's plea. The appellant acknowledged that someone with authority assigned him duties to perform at Elmendorf AFB Firehouse Number 3 on 26 July 2008, and that on that day he reported for duty late and shortly thereafter left his place of duty without authority. It is immaterial whether or not the appellant knew the identity of the appointing authority—all that was required was the appellant's knowledge that someone with authority appointed the time and duty location for the appellant. In short, there is not a substantial basis in law and

fact for questioning the appellant's plea, and we find that his plea was provident.

### Conclusion

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the approved findings and sentence are

AFFIRMED.

**3.** *See* Article 45, UCMJ, 10 U.S.C. § 845; *Manual for Courts–Martial, United States (MCM),* Part IV, ¶ 10.b (2008 ed.); *MCM,* Part IV, ¶ 10.b (2005 ed.); *MCM,* Part IV, ¶ 10.b (2002 ed.); *MCM,* Part IV, ¶ 10.b (2000 ed.); *MCM,* Part IV, ¶ 10.b (1998 ed.); *MCM,* Part IV, ¶ 10.b (1995 ed.); *MCM,* 1984, Part IV, ¶ 10.b (1994 ed.); *MCM,* Part IV, ¶ 10.b (1984 ed.); *MCM,* 1969, ch. XXVIII, ¶ 165 (Revised ed.); *MCM,* ch. XXVIII, ¶ 165 (1951 ed.); *MCM, United States Air Force,* ch. XXIX, ¶ 149 (1949 ed.); *MCM, United States Army,* ch. XXVI, ¶ 132 (1928 ed.).