UNITED STATES, Appellant

v.

Julian R. YANGER, Electrician's Mate Third Class
U.S. Coast Guard, Appellee

No. 08-5006

Crim. App. No. 1271

United States Court of Appeals for the Armed Forces

Argued October 28, 2008

Decided November 12, 2008

PER CURIAM


<u>Counsel</u>


For Appellant:  Lieutenant Commander <u>Brian K. Koshulsky</u>
(argued); <u>Commander Stephen P. McCleary</u>.

For Appellee:  Lieutenant Commander <u>Necia L. Chambliss</u> (argued);
<u>Lieutenant Robert M. Pirone</u> (on brief); <u>Lieutenant Jeffery S.</u>
<u>Howard</u>.


Military Judge:  Brian Judge


<u>**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION**</u>.

PER CURIAM:

This is a certified case arising from Electrician's Mate Third Class Julian R. Yanger's conviction, consistent with his pleas, of wrongfully using cocaine and involuntary manslaughter. Upon its review of the case, the United States Coast Guard Court of Criminal Appeals concluded that the military judge erred in failing to explain the elements of self-defense to Yanger during the providence inquiry. That court set aside the plea to involuntary manslaughter as improvident and remanded the case for further action. United States v. Yanger, 66 M.J. 534, 538, 539 (C.G. Ct. Crim. App. 2008). The Judge Advocate General of the Coast Guard certified the following issue:

> WHETHER THE COAST GUARD COURT OF CRIMINAL APPEALS ERRED BY FINDING THAT THE ACCUSED RAISED SUFFICIENT FACTS DURING THE PLEA INQUIRY REQUIRING THE MILITARY JUDGE TO EXPLAIN SELF-DEFENSE.

66 M.J. 377 (C.A.A.F. 2008).

Yanger, a cocaine user, was confronted by his wife upon returning from a drug-buying trip. His wife was holding the broken stem from a stemware glass in her hand. As Yanger and his wife argued, he grabbed for the mobile phone in her hand and accidently cut his hand on the broken glass stem. The two continued to argue and when his wife approached him angrily with her shoulders hunched, Yanger grabbed her wrists and shoved her away from him. She stumbled, fell and stabbed herself in the

neck with the glass stem, which resulted in her death within minutes.

During the providence inquiry, Yanger described his wife's approach and his reaction by pushing her as follows, "[i]n —- in the situation I was in, sir, I just wanted -- I just wanted her out of my face with the glass."  Focusing on these words, a majority of the Court of Criminal Appeals concluded that Yanger's colloquy raised the defense of self-defense and that the military judge failed to conduct an appropriate inquiry. Yanger, 66 M.J. at 537.  The court set aside the involuntary manslaughter conviction because of this "unresolved self-defense issue."  Id. at 538.

The elements of self-defense in this situation require that the accused:

> (A) Apprehended, upon reasonable grounds, that bodily harm was about to be inflicted wrongfully on the accused; and
> (B) Believed that the force that accused used was necessary for protection against bodily harm, provided that the force used by the accused was less than force reasonably likely to produce death or grievous bodily harm.

Rule for Courts-Martial (R.C.M.) 916(e)(3).  In United States v. Prater, we set forth the standard for reviewing guilty pleas in the context of potential defenses:

> Where the possibility of a defense exists, this Court has indeed suggested that a military judge secure satisfactory disclaimers by the accused of his defense.  The bottom line, however, is that rejection

3

> of the plea requires that the record of trial show a "substantial basis" in law and fact for questioning the guilty plea.

32 M.J. 433, 436 (C.M.A. 1991) (citations omitted).

In Prater, this court rejected "'the mere possibility of conflict' standard for the more realistic 'substantial basis' test." Id. (citation omitted). "The bottom line . . . is that rejection of the plea requires that the record of trial show a 'substantial basis' in law [or] fact for questioning the guilty plea." Id.; see also United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F. 2008).

The inquiries made by the military judge clearly establish a basis in law and fact for accepting Yanger's plea. After reviewing the elements of the offenses with Yanger, the military judge questioned him about his exchange with his wife, asking how hard he shoved his wife and whether he had any justification or excuse for shoving her. Yanger told the military judge that he shoved her "pretty hard" and stated that he did not have any justification or excuse for shoving her. The military judge went on to question Yanger about his motives and state of mind:

MJ: Why did you shove her?

[The Accused confers with Defense Counsel.]

ACC: In —- in the situation I was in, sir, I just wanted -- I just wanted her out of my face with the glass.

. . . .

4

> MJ:  Did you think at that point that -- that she was threatening you in any way?
>
> ACC:  No, sir.
>
> MJ:  Were you scared?
>
> ACC:  No, sir.
>
> MJ:  Did you think that she might use the stemware against [others]?
>
> ACC:  No, sir.

The military judge then explicitly asked Yanger whether he was acting in self-defense.

> MJ:  So, in no way did you think that you were acting in self-defense when you pushed her away from you?
>
> ACC:  No, sir.
>
> MJ:  Did anything or anyone force you to do bodily harm to your wife?
>
> ACC:  No, sir.
>
> MJ:  Could you have avoided doing bodily harm to her, if you'd wanted to?
>
> ACC:  Yes, sir.
>
> MJ:  Could you have just walked away?
>
> ACC:  Yes, sir.
>
> MJ:  Do you believe you had any legal justification or excuse for what you did?
>
> ACC:  No, sir.

The military judge recognized the "possibility" of the defense of self-defense in this situation and properly asked a number of questions to determine whether the defense was raised.

In the end there was no substantial conflict with the plea and there were no unresolved questions that would require the military judge to explain the elements of the defense to Yanger. Yanger's responses to the military judge are unambiguous -- he did not feel threatened by his wife; he did not apprehend, reasonably or otherwise, imminent bodily harm; and he harbored no belief that shoving his wife was necessary for his own protection. The record reflects that the possibility of self-defense was resolved by this inquiry. See also United States v. Smith, 44 M.J. 387, 392-93 (C.A.A.F. 1996).

We conclude that there is no substantial basis in law or fact for rejecting the plea. We therefore answer the certified question in the affirmative. The decision of the United States Coast Guard Court of Criminal Appeals is set aside and the record is returned to the Judge Advocate General of the Coast Guard for remand to the Court of Criminal Appeals for further review under Article 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866 (2000).