UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 ZOLPER, CONN, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 MARK S. BRADY
 United States Army, Appellant

 ARMY 20070888

 Headquarters, U.S. Army Training Center and Fort Jackson
 Tara Osborn, Military Judge
 Colonel Gregory B. Coe, Staff Judge Advocate

For Appellant: Colonel Christopher J. O’Brien, JA; Lieutenant Colonel
Steven Henricks, JA; Captain Nathan J. Bankson, JA; Major Leonard W. Jones,
JA (on brief).

For Appellee: Colonel Denise R. Lind, JA; Lieutenant Colonel Mark H.
Sydenham, JA; Captain Philip M. Staten, JA; Captain Stephanie R. Cooper, JA
(on brief).

 26 November 2008

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------

Per Curiam:

 A military judge sitting as a special court-martial empowered to
adjudge a bad-conduct discharge convicted appellant, consistent with his
pleas, of absence without leave (two specifications), failure to obey an
order, and assault consummated by a battery, in violation of Articles 86,
92, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, and
928. The military judge sentenced appellant to a bad-conduct discharge and
confinement for six (6) months. The convening authority approved the
adjudged sentence and credited appellant with twenty (20) days of
confinement credit against his sentence. This case is before the court for
review pursuant to Article 66, UCMJ.

 Appellant asserts, inter alia, that his plea of guilty to assault
consummated by a battery was improvident where the military judge failed to
elicit sufficient facts during the providence inquiry to ensure that the
defense of self-defense did not apply. We disagree. A review of the
record highlights several points during the providence inquiry where the
military judge specifically asked appellant about his motivations. We
find, as our superior court found this term in United States v. Yanger, 67
M.J. 56, slip op. at 6 (C.A.A.F. 2008), “[t]he record reflects that the
possibility of self-defense was resolved by [the providence] inquiry”:

 MJ: . . . So I am going to ask you, did you believe that
 physical harm was about to be inflicted on you?
 ACC: No, Your Honor.
 . . .

 MJ: Or do you believe that a reasonable person would have acted
 the same way that you did up in Private Fisher’s room?
 ACC: No, Your Honor.
 . . .

 MJ: . . . [W]ould a reasonable person have hit him about the
 head with his fists?
 ACC: No, Your Honor.
 . . .

 MJ: Could you have left the room if you had wanted to?
 ACC: Yes, Your Honor.
 . . .

 MJ: Did anything or anyone force you to do bodily harm to
 Private Fisher?
 ACC: No, Your Honor.

 This colloquy leaves no substantial basis in law or fact to suggest
that appellant was improvident based on the issue of self-defense or the
military judge abused her discretion in accepting his plea. See United
States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F. 2008); See also United
States v. Eberle, 44 M.J. 374, 375 (C.A.A.F. 1996). Furthermore, we
reiterate the standard outlined by our superior court in United States v.
Harrow, 65 M.J. 190, 20 (C.A.A.F. 2007) (quoting United States v.
McCrimmon, 60 M.J. 145, 152 (C.A.A.F. 2004), “[t]his Court permits the
military judge ‘in a borderline case . . . [to] give weight to the defense
evaluation of the evidence.’” Though we do not find this case to present a
close call for the military judge, we take this opportunity to remind
parties that the accused, at trial,
bears the burden to raise defenses where applicable, and not rely on
appellate review to seek them out. See generally Yanger, 67 M.J. 56.(

 On consideration of the entire record, we hold the findings of guilty
and the sentence as approved by the convening authority correct in law and
fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court

( This term in Yanger, the Court of Appeals for the Armed Forces (CAAF)
was presented with a circumstance very similar to our own. The CAAF
reversed the lower court’s decision dismissing appellant’s manslaughter
conviction due to “unresolved self-defense issues.” Yanger, 67 M.J. at __,
slip op. at 3 (C.A.A.F. 2008) (quoting United States v. Yanger, 534, 538
(C.G. Ct. Crim. App. 2008)). Specifically, the CAAF cited to numerous
instances in the record of trial where the military judge questioned the
accused about whether he felt he was ever being threatened or whether he
thought he was acting in self-defense. The CAAF held that appellant’s
unambiguous answers left no room for doubt; he understood the basis for the
defense of self-defense and, through his responses, told the military judge
that it did not apply to him. Id.