The decision of the United States Navy-Marine Corps Court of Criminal Appeals as to Charge V and Specification 3 thereunder, and the sentence is reversed, but is affirmed in all other respects. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for consideration of the granted issue in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).* [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

BAKER, Chief Judge (dissenting): I dissent for the reasons stated in my dissenting opinion in *Fosler*. *United States v. Fosler*, 70 M.J. 225, 240-47 (C.A.A.F. 2011). However, I join the Court's statement regarding the convening authority's action.

No. 12–0028/AR. U.S. v. Carlos A. Riverarosado. CCA 20090924. Review granted on the following issue:

> WHETHER THE MILITARY JUDGE ERRED WHEN HE FOUND APPELLANT GUILTY OF SPECIFICATION 1 OF CHARGE I BASED ON HIS BELIEF THAT APPELLANT HAD COMMITTED THE SIMILAR OFFENSES ALLEGED IN SPECIFICATIONS 2 AND 3.

The decision of the United States Army Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Army for remand to that court for further appellate inquiry and consideration on the granted issue. The Court of Criminal Appeals will obtain affidavits related to the assigned issue from the military judge and other appropriate persons who attended the Bridging the Gap session after trial. The affidavits should be limited to determining what statements were made by the military judge in the session. *See United States v. Matthews*, 68 M.J. 29 (C.A.A.F. 2009). If the court, after reviewing the affidavits, determines that a fact-finding hearing is necessary, *see United States v. Ginn*, 47 M.J. 238 (C.A.A.F. 1997), that court shall order a hearing pursuant to *United States v. DuBay*, 17 C.M.A. 147, 37 C.M.R. 411 (1967). Once the necessary information is obtained, the court will conduct its Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866 (2006), review. Thereafter, Article 67, UCMJ, 10 U.S.C. § 867 (2006), shall apply. [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

No. 12–0070/AF. U.S. v. Erica N. Perry. CCA 37676. On consideration of the petition for grant of review of the decision of the United States Air Force Court of Criminal Appeals, we note that before the convening authority took action after remand, Appellant did not have the opportunity to submit matters under Rule for Courts-Martial (R.C.M.) 1105 and no staff judge advocate's recommendation was prepared under R.C.M. 1106. Accordingly, it is ordered that said petition is hereby granted on the following issue:

> WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED BY AFFIRMING APPELLANT'S SENTENCE DESPITE THE

---

* We note that the convening authority approved the sentence, which included a dishonorable discharge, and then stated, In accordance with the UCMJ, Rules of Courts-Martial, applicable regulations, the pretrial agreement, and this action, the sentence is ordered executed. In fact, there was no pretrial agreement in this case. Moreover, under Article 71(c)(1), UCMJ, a punitive discharge cannot be ordered executed until, after the completion of direct appellate review, there is a final judgment as to the legality of the proceedings. Thus, to the extent that the convening authority's action purported to execute the dishonorable discharge, it was a nullity. To avoid any error in this regard, we again suggest that the model Forms for Action in *Manual for Courts-Martial, United States* app. 16 at A16-1—A16-6 (2008 ed.) be revised. *See United States v. Politte*, 63 M.J. 24, 26 n.11 (C.A.A.F. 2006).

GOVERNMENT'S FAILURE TO COMPLY WITH THE REQUIRE-MENTS OF RULES FOR COURTS-MARTIAL 1105 AND 1106.

The decision of the United States Air Force Court of Criminal Appeals and the action of the convening authority are set aside. The record of trial is returned to the Judge Advocate General of the Air Force for submission to an appropriate convening authority for a new recommendation and action consistent with *United States v. Mendoza*, 67 M.J. 53 (C.A.A.F. 2008). Thereafter, Articles 66 and 67, Uniform Code of Military Justice, 10 U.S.C. §§ 866 and 867 (2006), shall apply. [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

No. 12–5001/AF. U.S. v. Daniel J. Datavs. CCA 37537. Notice is hereby given that a motion for enlargement of time to file a certificate for review of the decision of the United States Air Force Court of Criminal Appeals was filed by Appellant under Rule 30 on December 29, 2011, and placed on the docket on this date.

No. 12–0143/MC. U.S. v. Richard A. Garcia-Tolson. CCA 2010000610. On consideration of Appellee's motion to remand, it is ordered that said motion is hereby